CAMPE v. WEIR.

(Supreme Court, Appellate Term. June 28, 1899.)

1. CARRIERS—LIABILITY FOR NEGLIGENCE—LIMITATION BY CONTRACT.
  A carrier may limit its liability for negligence by a special contract.
2. SAME—ACTION FOR BREAKAGE—BURDEN OF PROOF.
  In an action against a carrier for breakage, the burden is on the shipper to show the carrier's gross negligence, for which only it contracted to be liable.
3. SAME—PRIMA FACIE CASE OF GROSS NEGLIGENCE.
  Plaintiff offered his violin to be expressed, securely packed in a felt-lined leather case, padded so that it was immovable; the shape of the case clearly indicating what it contained. Thus packed, defendant had before frequently received and carried it uninjured between the same points. At defendant's special request, the case was inclosed in a crate, for additional protection. On its arrival at its destination, one of the slats of the crate was missing, another was loosened, and, though the case was intact, the violin was cracked longitudinally along the belly and back, and the bridge was broken. The case was shown to be of sufficient strength, and not impaired by previous use. It resisted a hard blow from plaintiff's fist, and an expert packer jumped on it without affecting it. *Held* to establish a prima facie case of gross negligence.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Emanuel A. Campe against Levi C. Weir, as president of the Adams Express Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Richard Reid Rogers, for appellant.
William Victor Goldberg, for respondent.

LEVENTRITT, J. The plaintiff recovered judgment for damages to a violin, alleged to have been caused by the negligence of the defendant as a common carrier. The violin was shipped at Charlotte, N. C., via the Southern Express Company, to Richmond, Va., and there delivered to the defendant, who completed the transportation to New York. The contract of shipment was embraced in the usual bill of lading, and contained the following clauses:

"It is part of the consideration of this contract, and it is agreed, that the said express company * * * are not to be held liable or responsible for any loss or damage to said property * * * arising from * * * breakage, or from any cause whatsoever, unless in every case the same be proved to have occurred from the fraud or gross negligence of said express company or their servants."

The defendant invokes the aid of this exemption to relieve it of liability, on the ground that the plaintiff failed to prove that the damage to his violin resulted from its fraud or gross negligence.

It appears from the evidence that the plaintiff had frequently shipped his violin, similarly packed, by the same carriers and between the same points, and that the instrument had always arrived uninjured. On the occasion in question it was securely packed in a flannel or felt lined leather case, which was so padded that the violin was immovable. The shape of the case clearly indicated what it contained. At the special request of the defendant, the plaintiff inclosed the violin case in a crate, although it had previously been safely transported over the same route without this additional protection. Upon its arrival in New York, one of the slats of the crate was missing, another was loosened, and, although the case was intact, the violin was cracked longitudinally along the belly and back, and the bridge was broken. It was demonstrated on the trial that the case was of sufficient strength, and that previous use had not impaired its efficacy. The plaintiff delivered a hard blow against the case with his fist. An expert packer jumped on it. The case was unaffected by either test. On this state of facts, the justice found for the plaintiff.

Whatever may be the rule in other jurisdictions, we are constrained to follow the settled rule of this state, that a carrier may, by special contract with the shipper, limit its liability for losses resulting from its negligence. Smith v. Railroad Co., 24 N. Y. 222; Nelson v. Railroad Co., 48 N. Y. 498. In the construction of other exemptions contained in the clause invoked (notably, for losses occasioned by fire), it has uniformly been held that proof that the damage resulted

from the fraud or gross negligence of the carrier is a prerequisite to recovery. Lamb v. Transportation Co., 46 N. Y. 271; Cochran v. Dinsmore, 49 N. Y. 249. There is no distinction in principle between loss or damage due to fire and loss or damage due to breakage. In all cases the burden is on the plaintiff to show that the injury arose from a cause for which, by the very terms of the contract, the carrier was to be liable. Platt v. Railroad Co., 108 N. Y. 358, 15 N. E. 393. Slight evidence, however, may suffice to shift the burden to the defendant, or, more correctly stated, to discharge the burden, and make it incumbent on the defendant to prove that the loss was not occasioned by the causes invoked. Proof of the nature of the accident may afford prima facie proof of negligence. Wintringham v. Hayes, 144 N. Y. 1, 38 N. E. 999; Russell Mfg. Co. v. New Haven Steamboat Co., 50 N. Y. 121; Koenigsheim v. Packet Co., 17 Wkly. Dig. 405. We think that in the case at bar a prima facie case of gross negligence was established: " 'Gross negligence' is a relative term. It is doubtless to be understood as meaning a greater amount of care than is implied by the term 'ordinary negligence'; but, after all, it only means an absence of the care that was requisite under the circumstances." Davis, J., in Railway Co. v. Arms, 91 U. S. 489. There was an absence of such care in the case at bar. The defendant was apprised of the contents of the case. The violin had been frequently shipped over defendant's line without a crate, and safely carried to its destination; yet on this occasion the defendant requested the adoption of a particular form of packing, thus dictating a method of protection which it deemed sufficient. Had the defendant itself undertaken to do the packing, there could be no question as to its negligence. Notwithstanding the demonstrated adequacy of the packing, and notwithstanding obedience to defendant's instructions, the crate and violin arrived in such a damaged and dilapidated condition as to raise the presumption of reckless handling. As the defendant offered no proof to overcome this presumption, the judgment of the court below should not be disturbed.

Judgment affirmed, with costs to the respondent. All concur.