### PURDY v. C. C. WHITE PAPER MFG. CO.

(City Court of New York, General Term. November 16, 1899.)

ACTION—MASTER AND SERVANT—CONTRACT OF EMPLOYMENT.

An action for a breach of a contract, to recover a balance of salary under a contract whereby defendant agreed to pay plaintiff $20 a week during the month of January following, and $30 a week for each and every week thereafter during the year 1896, as and for a guarantied salary, is maintainable in the form brought, where the issue of wrongful discharge is not presented by the pleadings.

Appeal from trial term.

Action by Robert P. Purdy against the C. C. White Paper Manufacturing Company. Judgment dismissing complaint, and plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and McCARTHY and CONLAN, JJ.

McKoon & Luckey, for appellant.
Fromme Bros., for respondent.

FITZSIMONS, C. J. The action was for a balance of salary, from April 18, 1896, to June 23, 1896, at $30 a week, under an alleged contract with defendant, made on or about December 31, 1895, by which the defendant agreed to pay plaintiff $20 a week during the month of January following, and $30 a week for each and every week thereafter during the year 1896, as and for a guarantied salary. After June 23, 1896, plaintiff abandoned his contract. The issue of wrongful discharge was not presented by the pleadings, and the action for breach of contract was maintainable in the form brought. 2 Suth. Dam. (2d Ed.) p. 1561, § 692. The plaintiff's proof entitled him to go to the jury, and the dismissal was erroneous.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

### HUTKOFF v. PENNSYLVANIA R. CO.

(City Court of New York, General Term. November 16, 1899.)

1. CARRIERS—BILL OF LADING.

A provision in a bill of lading that the carrier shall not be liable for any loss or breakage does not exempt the carrier from the consequences of its own negligence.

2. CARRIERS—NEGLIGENCE—PRESUMPTION.

Where, in an action against a railroad company to recover for a case of plate glass, broken while in its possession as a carrier, the evidence disclosed that the case, with several other like cases, was delivered to defendant for transportation, in good order, and that the other cases were delivered by the carrier in good order, as received, it will be presumed that it was negligently handled by defendant.

Appeal from trial term.

Action by Nathan Hutkoff against the Pennsylvania Railroad Company. From a judgment in favor of plaintiff, defendant appealed. Affirmed.

Argued before FITZSIMONS, C. J., and McCARTHY and CONLAN, JJ.

Robinson, Biddle & Ward, for appellant.

Nathan, Leventritt & Peckham, for respondent.

FITZSIMONS, C. J. The action was to recover the value of a case of plate glass shipped to the plaintiff over the defendant's road from Creighton, Pa., to New York, about August 19, 1895. The glass contained in the case was found upon its arrival to be shattered and totally valueless. The evidence clearly showed that the glass was in good condition when it was placed in the defendant's charge, and that the breakage must have occurred while it was in their custody. The provision in the bill of lading that the carrier shall not be liable for any loss or breakage does not exempt the carrier from the consequences of its own negligence. Canfield v. Railroad Co., 93 N. Y. 532; Mynard v. Railroad Co., 71 N. Y. 180; Holsapple v. Railroad Co., 86 N. Y. 275. Fifteen other cases of glass formed part of the same shipment, and arrived in good order and condition. The one in suit would have so arrived unless negligently handled or controlled by the defendant. This is a presumption, at all events, and was not overcome by anything offered by the defendant. Campe v. Weir, 28 Misc. Rep. 243, 58 N. Y. Supp. 1082; Roth v. Packet Co. (Super. N. Y.) 12 N. Y. Supp. 460; Trimble v. Railroad Co., 39 App. Div. 403, 412, 57 N. Y. Supp. 437. There was certainly evidence bearing upon the question of negligence to require the submission of the case to the jury, to whom it was sent upon an impartial charge.

The jury found for the plaintiff, and, as the exceptions are without merit, the judgment must be affirmed, with costs. All concur.