(45 Misc. Rep. 632)

### RIESER v. METROPOLITAN EXPRESS CO.

(Supreme Court, Appellate Term. December 7, 1904.)

1. CARRIERS OF GOODS—LIABILITY FOR NEGLIGENCE.
    General words of exemption from liability for damage in the case of shipments of glass, and the words "Owner's risk," do not relieve a carrier from the consequences of its negligence.

2. SAME—GROSS NEGLIGENCE—EVIDENCE—SUFFICIENCY.
    The burden of proving gross negligence of a carrier of goods is sustained by proving that the goods were properly packed and delivered to the carrier, and that they arrived in a damaged condition.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by M. Gustine Rieser against the Metropolitan Express Company for damages in the shipment of goods. From a judgment for defendant, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Frederick W. Sperling, for appellant.
Ralph G. Miller, for respondent.

BISCHOFF, J. Goods in all respects properly packed were delivered to the defendant by the plaintiff, with notice that the shipment included glass, under a contract whereby the defendant was

¶ 1. See Railroads, vol. 41, Cent. Dig. §§ 654, 732.

to be held liable only for damage caused by fraud or "gross negligence," and not "upon any fragile fabrics or any fabrics consisting of or contained in glass." This contract was expressed in the receipt delivered to the plaintiff, and the words "Glass" and "Owner's risk" were stamped upon the receipt. When the goods arrived at their destination the glass was broken; the damage thus represented being $50, for which amount—the sum limited by the receipt—the plaintiff sued. Upon an agreed statement of facts, the justice dismissed the complaint for failure of affirmative proof of negligence.

The general words of exemption from liability for damage in the case of shipments of glass, and the words "Owner's risk," did not operate to relieve the defendant from the consequences of its negligence. Rathbone v. R. Co., 140 N. Y. 48, 35 N. E. 418. But still the shipment was subject to the limitation of liability to cases of "gross negligence," and the actual question is whether the plaintiff, upon the agreed state of facts, sustained the burden of proving gross negligence. We think he did. The general rule is that, where goods properly packed are delivered to a carrier, their arrival in a damaged condition calls upon the carrier to explain the cause of the injury, if it is to escape liability for negligence. Campe v. Weir, 28 Misc. Rep. 243, 58 N. Y. Supp. 1082. The injury is prima facie proof of the absence of care called for by the circumstances, and the party having the exclusive means of knowledge of the facts is thus called upon to disclose them. "'Gross negligence' is a relative term. It is doubtless to be understood as meaning a greater want of care than is implied by the term 'ordinary negligence,' but, after all, it means the absence of care that was necessary under the circumstances." Milwaukee R. Co. v. Arms, 91 U. S. 489, 23 L. Ed. 374. In the case at bar the injury to the goods suggests the absence of care, and while the defendant might escape liability for gross negligence upon an explanation slighter than would be required if negligence, simply, were the test, still the explanation was called for by the facts which imported an omission of such prudence as the circumstances required, in view of the proper packing and labeling of the goods, with an extensive injury notwithstanding. The defendant having given no explanation, the plaintiff's case, founded upon gross negligence, was established. Campe v. Weir, supra.

The judgment must therefore be reversed, and judgment directed for the plaintiff, upon the agreed statement of facts, for $50, with costs in this court and in the court below.

GILDERSLEEVE, J., concurs.

FREEDMAN, P. J. (concurring). Plaintiff's proof, which established that the goods in question had been in all respects properly packed, and that at the time of their delivery in such proper condition to the carrier the latter was expressly notified of their fragile character, but that they arrived at their destination in a broken condition, sufficiently established the carrier's liability for

gross negligence, in the absence of proof of due care and vigilance on the part of the carrier. In a case of this kind, where the carrier seeks to escape liability by reason of an exception embodied in his contract, and an issue arises as to negligence, which, if established, renders the exception unavailable, evidence of a loss or injury which would not have resulted in the ordinary course of events, with proper care on the carrier's part, is sufficient to make out a prima facie case of negligence, and to throw on the carrier the burden of proving due care and vigilance. 6 Cyc. 523, and cases there cited. The defendant in the present case gave no proof whatever of such care and vigilance, and even offered no explanation. The case is therefore completely covered by the decision of this court in Campe v. Weir, 28 Misc. Rep. 243, 58 N. Y. Supp. 1082.

I concur in the views expressed by Mr. Justice BISCHOFF, which fully cover all the points involved in the appeal, and in the final conclusion reached by him.