DANIEL S. BREWSTER, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

Third Department, May 3, 1911.

Carrier — liability for injury to goods — contract not relieving carrier from liability for negligence — evidence — res ipsa loquitur — receipt stating goods received in good order.

General words in a contract of carriage are not sufficient to release a carrier from the consequence of its negligence; if such a result be intended it must be expressly provided for in the contract.

A contract for the transportation of plate glass packed in a box and secured to a platform car by the consignor, providing that the carrier shall not be liable for damage to the glass by breakage or from any

cause, if it should be necessary or was usual to carry such property upon open cars, and having the words "loaded and secured by the shipper — released," written upon the face of it, does not relieve the carrier from liability for breakage caused by negligence.

While one suing a carrier for injury to goods is under the burden of proving negligence, he is not required to point out the precise act or omission constituting the negligence. Proof of the nature of an accident may be *prima facie* proof of negligence.

Evidence in an action against a carrier to recover the value of plate glass alleged to have been broken by the defendant's negligence examined, and *held*, to show, *prima facie*, that the glass was broken before delivery to the consignee so as to throw upon the carrier the burden of proving due care.

A receipt which was signed by the cartman without examination in order to obtain possession of the glass does not preclude the consignee from showing the actual condition of the glass when delivered.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the County Court of Schenectady county in favor of the plaintiff, entered in the office of the clerk of said county on the 4th day of February, 1910, upon the decision of the court rendered after a trial before the court without a jury.

*Homer Strong*, for the appellant.

*Robert B. Craft* and *Henry S. Baehler*, for the respondent.

Judgment unanimously affirmed, with costs, upon the opinion of WHITMYER, County Judge.

The following is the opinion of the county judge:

WHITMYER, J.:

The plaintiff recovered judgment in the City Court of the city of Schenectady for damages for the breaking of a piece of of plate glass, alleged to have been caused by the negligence of defendant as a carrier. The glass was shipped by Sutphen & Myer, at New York city, to plaintiff at Schenectady, N. Y., via defendant's railroad. The case is here for a new trial.

The contract of shipment was set forth in a bill of lading, which contained a condition to the effect that defendant should not be liable for damage to the glass by breakage or from any cause, if it should be necessary or was usual to carry such property upon open cars, and the words "loaded and secured

by shipper — released," were written upon the face of it. The freight was paid. The glass was nine feet by ten feet in size and three-eighths of an inch thick. Plaintiff's consignors packed and boxed it, carted it to defendant's yard and loaded and secured it on a platform car furnished by defendant. They did this work carefully and properly. Defendant received the consignment May 4, 1907, in good condition, and knew that it was plate glass. It reached Schenectady on or about May 9, 1907, and was delivered to plaintiff's cartman May 13, 1907. The box was properly secured on the car at this time and was not broken. The cartman, without examining, gave a receipt which stated in printed words that the property was received in good order. He unloaded the box from the car, loaded it on a wagon designed and used for carting glass, carted it over paved streets to the place where it was to be used, placed it in an almost perpendicular position against an abutment of defendant's overhead crossing, adjoining this place, and blocked it securely. He was experienced in work of this kind and did it carefully. The box remained in this position and was not disturbed until May 15, 1907, when it was opened. The packing was found to be secure and in position, but the glass was at the bottom and in the middle of the box, and was broken into many pieces, varying in size from twenty-four by thirty inches to small, ground pieces, the latter filling several bushel baskets. It was conceded that the glass was worth the sum of seventy-four dollars and thirty-eight cents.

General words in a contract of carriage are not sufficient to release a carrier from the consequences of its negligence. If such a result is intended, it must be expressly provided for in the contract. (*Mynard* v. *Syracuse, etc., R. R. Co.*, 71 N. Y. 183; *Canfield* v. *B. & O. R. R. Co.*, 93 id. 537; *Rathbone* v. *N. Y. C. & H. R. R. R. Co.*, 140 id. 48.) So that, notwithstanding the provisions of the bill of lading, defendant's liability for negligence in the handling and transportation of the glass remains unaffected. The burden of proving that defendant was negligent undoubtedly rests upon plaintiff. He is not required, however, to point out the precise act or omission in which the negligence consists. Proof of the nature of an accident may afford *prima facie* proof of negligence. (*Lamb*

v. C. & A. R. R. & T. Co., 46 N. Y. 271; Russell Mfg. Co. v. N. H. S. Co., 50 id. 121; Wintringham v. Hayes, 144 id. 1.) In the Lamb Case (supra, at p. 279) the court says: "Cases may occur where the proof of the loss and circumstances connected therewith may show a case of presumptive negligence in the defendant, such as will entitle the plaintiff to recover upon that ground, in the absence of further proof." And in the Russell Mfg. Co. Case (supra) Judge Rapallo says (at p. 127): "Where the accident is one which in the ordinary course of events would not have happened but for the want of proper care on the part of the defendant, it is incumbent upon him to show that he had taken such precautions as prudence would dictate, and his failure to furnish the proof, where, if it existed, it would be within his power, may subject him to the inference that such precautions were omitted."

The glass was delivered to defendant May 4, 1907, in good condition and properly packed, loaded and secured on a platform car. It reached Schenectady May 9, 1907, and was delivered to plaintiff May 13, 1907. The box at this time was secure on the car and was not broken. It was not opened until two days thereafter and then it was discovered that the glass was broken. If the glass was not broken after its delivery to plaintiff, then the evidence is sufficient to make out a prima facie case of negligence and to throw upon defendant the burden of proving that it exercised due care. (Canfield v. B. & O. R. R. Co., 93 N. Y. 537; Rieser v. Metropolitan Express Co., 45 Misc. Rep. 632; Campe v. Weir, 28 id. 243; Bowden v. Fargo, 2 id. 551.) That it was not broken after such delivery is apparent. The care exercised in unloading and carting the box and in placing and bracing it against the abutment, where it remained apparently undisturbed until it was opened; the condition of the box and of the packing at the time of unpacking, the thickness of the glass and its position and condition, broken as it was into small pieces at that time, are facts which not only preclude the inference that it may have been broken after the delivery to plaintiff, but show clearly that it was not then broken.

The defendant has presented no proof of care and has offered no explanation. So that the evidence discloses a prima facie

case of negligence, which in the absence of such proof of care, will sustain a finding of negligence. The receipt signed by the cartman, stating that the goods were received in good order, does not estop plaintiff from maintaining the action, nor does it preclude him from showing the actual condition of the glass. (*Monell* v. *Northern Central R. R. Co.*, 16 Hun, 585.) The cartman was obliged to sign the receipt before he could obtain possession of the glass and he signed it without examination. As a statement of facts, it might be contradicted. The plaintiff is entitled to the judgment demanded, with costs.