(75 Misc. Rep. 16.)

RAPP v. WASHINGTON STORAGE WAREHOUSE & VAN CO.

(City Court of New York, Trial Term.   December, 1911.)

1. WAREHOUSEMEN (§ 24*)—LOSS OF GOODS—LIMITATION OF LIABILITY.
    A warehouse company with which plaintiff stored a sideboard, in a drawer of which certain laces were packed, gave three separate writings to plaintiff.   The first recited that the responsibility of the warehouse for any piece or package was limited to $50, unless the value thereof was made known at the time of the storing and receipted for in the warehouse receipt.   The second, the warehouse receipt, recited that the responsibility of the warehouse was limited to $50 for any article, together with the contents.   The third, the order from plaintiff to defendant to return the stored goods, recited that the responsibility of the warehouse was to continue in full force until the delivery of the goods by the warehouse vans.   *Held*, that the rights of the parties were to be determined from the several writings, and that nothing therein relieved the defendant from the consequences of its negligence.
    [Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 48, 49, 51–54; Dec. Dig. § 24.*]

2. WAREHOUSEMEN (§ 24*)—LOSS OF GOODS—LIMITATION OF LIABILITY.
    A limitation in a receipt and other writings given by a warehouse company to plaintiff of the company's responsibilities to $50, unless a greater value of the goods were made known to the company, is binding on plaintiff.
    [Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 48, 49, 51–54; Dec. Dig. § 24.*]

3. WAREHOUSEMEN (§ 24*)—LOSS OF GOODS—LIMITATION OF LIABILITY— "PIECE."
    In a writing limiting the responsibility of a warehouse for any piece or package to $50, the word "piece" should be construed to mean an individual article with separate identity at the time of storage, and not a concealed portion in a whole, as laces packed in a sideboard.
    [Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 48, 49, 51–54; Dec. Dig. § 24.*
    For other definitions, see Words and Phrases, vol. 6, p. 5377.]

Action by Harry Rapp against the Washington Storage Warehouse & Van Company.   Motion to set aside verdict, and for a new trial. Denied.

Charles L. Hoffman, for plaintiff.
Taft & Sherman, for defendant.

GREEN, J.   This is a motion made by plaintiff to set aside a verdict rendered in his favor for the sum of $50 upon the ground of the error of the court in charging the jury as to the limit of plaintiff's recovery in the action.   The action was brought against the defendant upon the ground of negligence in the alleged failure of the defendant to return certain articles, consisting of laces, which plaintiff claims were packed in a drawer of a sideboard with the knowledge of the defendant or its agents.   The court in its charge to the jury limited the plaintiff's recovery to the amount of $50, though the evidence showed the value of the goods alleged to have been taken was some hundreds of dollars in amount.   The basis for the limitation of liability is contained in three separate writings, which were concededly in the pos-

session of the plaintiff, having been sent or given by the defendant at one time or another to the plaintiff during the period covered by the transaction.

[1] The first paper or writing may be designated as an order to defendant to call for the goods, and that portion material to this discussion reads as follows:

"The responsibility of the warehouse for any piece or package is limited to $50, unless the value thereof is made known at the time of storing and receipted for in the warehouse receipt."

The second paper or writing was the warehouse receipt mailed to plaintiff after the receipt of the goods by defendant, in language as follows:

"The responsibility of the warehouse is limited to $50 for any article, together with the contents."

The third writing was what might be termed an order from plaintiff to defendant to return the goods from storage to plaintiff's home, and the phraseology of the sentence or clause therein contained pertinent to the question under consideration is:

"The responsibility of the warehouse is to continue in full force and effect and upon all conditions and limitations as provided in the terms of the warehouse receipt until the delivery of goods by warehouse vans."

These provisions are the only ones relating to a limitation of defendant's liability to the plaintiff, and by them must be determined the relative rights of the parties to this litigation. The question presented is: Does the language of the papers or writings hereinbefore mentioned, which form the contract between the parties, limit plaintiff's recovery to $50 where the right of action arose on account of defendant's negligence? It is no longer open to discussion in this state that a common carrier has the right and may legally limit his liability for his own negligence. Tewes v. North German Lloyd S. S. Co., 186 N. Y. 151, 78 N. E. 864, 8 L. R. A. (N. S.) 199, 9 Ann. Cas. 909. See, also, Bench and Bar, April, 1907, p. 11. It is now equally well settled, however, that to limit the liability of a defendant on account of his own negligence the language must be explicit, and that the inference is against that result. See Jennings v. Grand Trunk R. Co., 127 N. Y. 438, 450, 28 N. E. 394; Kenney v. N. Y. C. R. R. Co., 125 N. Y. 422, 425, 26 N. E. 626; Mynard v. Syracuse, B. & N. Y. R. Co., 71 N. Y. 180, 183–185, 27 Am. Rep. 28; Nicholas v. N. Y. C. & H. R. R. Co., 89 N. Y. 370, 372. The latest expression of opinion upon this question is to the effect that:

"General words in a contract of carriage are not sufficient to release a carrier from the consequences of its negligence. If such a result is intended, it must be expressly provided for in the contract." Brewster v. N. Y. C. & H. R. R. Co., 145 App. Div. 51, 129 N. Y. Supp. 368, and cases cited.

See, also, Herzig v. New York Cold Storage Co., 115 App. Div. 40, 100 N. Y. Supp. 603. Such, I am of the opinion, is the law of this state to-day upon the questions herein involved. If such is the construction placed by law upon the contracts of common carriers, I see no reason, in view of the authorities, to withhold such interpretation

upon the contracts of others who are desirous of limiting their liability. The defendant is a warehouseman and maintains a large establishment for the storage of goods, and the court may take judicial notice of the fact of the relative importance of such a business to householders who may be desirous of storing their goods and chattels, in a large city such as this of ours. Examining the language of the contracts hereinbefore referred to, in the light of the authorities, supra, it becomes evident that nothing therein contained is sufficient to relieve the defendant from the consequence of its own negligence, so that I am of the opinion the defendant would be responsible for its negligence to the plaintiff.

[2] There remains, then, but one question for further consideration; and that is: Does the phraseology of the contract justify the construction of a limitation upon the amount to which defendant may be held liable in damages for its negligence? I confess that I am not in sympathy with the conclusion at which I am forced to arrive by an examination of the authorities upon the question of limitation of liability for negligence (cases, supra); rather do I believe that the criticism of Mr. Justice Haight in his dissenting opinion in the case of Tewes v. North German Lloyd S. S. Co., 186 N. Y. 161, 78 N. E. 868, 8 L. R. A. (N. S.) 199, 9 Ann. Cas. 909, applied to common carriers, and which may be with equal logic applied to bailees for hire other than common carriers, states the real objection to the law as now settled, which permits a limitation of liability for negligence. Mr. Justice Haight says:

"If common carriers of persons and property are to be relieved from liability for their acts of negligence, then they are no longer under legal obligation to exercise any care or caution with reference to property delivered into their custody for transportation. They may leave it in dangerous or unguarded places, subject to the action of thieves or to injury by reason of storms. They may dump it wherever the whim of a careless or reckless employé may suggest or find most convenient for his purpose. * * * It is not reasonable to suppose that the party intended to contract that a bailee for hire might with impunity be careless and remiss in the discharge of the trust reposed in him. If such a result is intended, it must be so stated expressly and unequivocally in the contract. General words are not sufficient."

The order for the defendant to call for the goods contained the statement:

"The responsibility of the warehouse for any piece or package is limited to $50, unless the value thereof is made known at the time of storing and receipted for in the warehouse receipt."

No value in excess of $50 was shown on the warehouse receipt which was afterward sent to the plaintiff, and the order to return the goods continued the warehouse receipt in full force until the delivery of the goods by defendant's vans. The acts and conversations leading up to the storage of the goods must be considered deliberate acts, not analogous to "baggage cases," where the receipt is held to be a token rather than a receipt, and I am of the opinion that plaintiff is bound by the limitation of the responsibility of the defendant mentioned in the order, to wit, $50. The subject of this action consisted of laces which plaintiff claims she deposited in one of the drawers of the sideboard and which she locked when she delivered the goods to the defendant's servants.

[3] Plaintiff's counsel claims that the order to call for the goods limits the responsibility to $50 to any "piece" or "package," and that the laces consisted of many pieces, none of which is alleged to have cost more than $50, so that plaintiff would be entitled to recover. The difficulty with that proposition lies in the fact that the warehouse receipt must also be taken into consideration in this case as forming part of the contract, and that provides for a limitation of liability to $50 "for any article, together with the contents," and, furthermore, I believe plaintiff's contention to be a strained construction of the word "piece" as used by defendant, and rather should be construed to mean an individual article with separate individual identity at time of storage, and not a concealed portion contained in a whole. After reviewing the evidence in this case; which is clear in the mind of the court, and after examining the briefs of counsel, I am of the opinion that the limitation of plaintiff's recovery against the defendant to the sum of $50 was justified, and that no error was committed by the court in so doing. I repeat that I am not in sympathy with this conclusion, but I am concluded by what I believe to be controlling principles and authorities, and for that reason the motion to set aside the verdict and for a new trial is denied.

Motion denied.