WILLIAM B. CANFIELD et al., Appellants, *v.* THE BALTIMORE AND OHIO RAILROAD COMPANY, Respondent.·

A common carrier is bound to exercise reasonable care and prudence in the transportation of property, and is liable for loss resulting from a failure in this respect, although by his contract the transportation is " at the owner's risk."

Where the fact of injury is established and negligence on the part of the carrier is shown, to which, as a cause, the injury can reasonably be imputed, the question, as to whether it was so occasioned, is one of fact for the jury.

The failure of the carrier to deliver the property or any portion thereof to the consignee on demand at the place of destination is *prima facie* evidence of negligence, which, in the absence of any evidence excusing the non-delivery, presents a question of fact for the jury.

Plaintiffs shipped under such a contract, by defendant's road at W, eighteen boxes of jewelry, to be transported to N. Y.   The evidence tended to show that, owing to inefficient facilities or accumulation of freight, from three to six days more than the usual time was taken in the transportation.   Also, that before delivery to the consignee and while the boxes were in the possession of defendant, one of them was opened and a portion of its contents abstracted.   The court charged the jury that they could not find a verdict for the plaintiffs, except upon the assumption that the property had been stolen or lost while in the defendant's possession, and that such loss must be found to be attributable exclusively to the negligence of defendant in delaying the transportation.   *Held* error.

(Argued October 9, 1883; decided October 23, 1883.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 5, 1881, which affirmed a judgment in favor of plaintiffs, entered upon a verdict.

This action was brought to recover the value of a quantity of jewelry, part of the contents of one of eighteen boxes delivered by plaintiffs to defendant, for transportation from Washington to New York, which jewelry, plaintiffs alleged, was, through defendant's negligence, abstracted from the box while in its custody.

In the bill of lading, opposite to the description of the packages, was written the words "owner's risk."

The case is reported on a former appeal in 75 N. Y. 144. The material facts are stated in the opinion.

*Benj. Estes* for appellants. Unless the bill of lading was delivered and accepted before shipment of the goods, plaintiffs' rights are not affected by any conditions contained therein. (*Bostwick v. B. & O. R. R. Co.*, 45 N. Y. 716.) The most favorable charge that the defendant was entitled to on the evidence, in any event, was that it was a question of fact whether the goods were shipped under that bill of lading. (*Justice* v. *Lang*, 52 N. Y. 327, 328, 329.) The fact that the goods were never delivered to the consignees, having been proved, is evidence of negligence, and negligence will be presumed from such proof. (*Westcott* v. *Fargo*, 6 Lans. 319 ; *Magnin* v. *Dinsmore*, 56 N. Y. 168 ; 70 id. 417 ; *Burnell* v. *N. Y. C. & H. R. R. R. Co.*, 45 id. 185 ; *Newstadt* v. *Adams*, 5 Duer, 43 ; *Steers* v. *L., N. Y. & P. Steamship Co.*, 57 N. Y. 1, 6 ; *Fairfax* v. *N. Y. C. & H. R. R. R. Co.*, 67 id. 11 ; *Curtis* v. *D., L. & W. R. R. Co.*, 74 id. 124 ; *Beardsley* v. *Richardson*, 11 Wend. 25 ; *Arent* v. *Squier*, 1 Daly, 347 ; *Earl* v. *Cadmus*, 2 id. 237 ; *Schwerin* v. *McKie*, 5 Robt. 404.) Common carriers, or even warehousemen, are bound to deliver goods intrusted to them, on demand, and on failure to do so must be regarded as having converted the same, unless they prove they were lost without their fault, and that they exercised ordinary care in keeping the same. (*B'k of Oswego* v. *Doyle*, 16 W'kly Dig. 308 ; *Boies* v. *H. & N. H. R. R. Co.*, 37 Conn. 272 ; *Funkhouser* v. *Wagner*, 62 Ill. 59 ; *Logan* v. *Mathews*, 6 Penn. St. 417 ; *Lewis* v. *Smith*, 107 Mass. 334 ; *Adams' Exp. Co.* v. *Stettaners*, 61 Ill. 184 ; *Claflin* v. *Meyer*, 43 N. Y. Supr. 7 ; *McGuire* v. *Tyler*, 8 Wall. 650 ; *Bush* v. *Miller*, 13 Barb. 481 ; Wharton on Neg., § 422 ; *Merch's' B'k* v. *Rowls*, 7 Ga. 191.) The same presumption of negligence arises when a common carrier fails to deliver a part of the goods, as on a total failure. (Edwards on Bailments, §§ 671, 672 ; *Hawkes* v. *Smith*, 1 C. & M. 72 ;

*Brintner* v. *Saratoga R.*, 32 Vt. 665; *Ellis* v. *Willard*, 9 N. Y. 529.) Proof of delay is proof of negligence. (*Bostwick* v. *B. & O. R. R. Co.*, 45 N. Y. 712, 717; *Acheson* v. *N. Y. C. & H. R. R. R. Co.*, 61 id. 652; 30 id. 564; id. 630.) The plaintiffs were not required to point out the precise act or omission in which the negligence consists. (*Russell Mf'g Co.* v. *N. H. Steamboat Co.*, 50 N. Y. 127.) A common carrier must prove a positive agreement, to exempt itself from the common-law liability, and no presumption will be indulged exempting them from such liability. (*Edsall* v. *C. & A. R. & T. Co.*, 50 N. Y. 661; *Bostwick* v. *B. & O. R. R. Co.*, 45 id. 712; *Blossom* v. *Dodd*, 43 id. 264, 270; *Kirkland* v. *Dinsmore*, 63 id. 171, 179; *Mynard* v *S. B. & N. Y. R. R.*, 71 id. 181, 185; *Westcott* v. *Fargo*, 6 Lans. 183; *S. C.*, 61 N. Y. 542.) Plaintiffs having proved enough to authorize the jury in finding that the goods were lost while in defendant's possession, through its negligence, it was called upon to prove, proper care or absence of negligence on its part, or, at least, to account for the missing goods. (*Alexander* v. *Green*, 7 Hill, 533, 574; *Russell Mf'g Co.* v. *N. H. Steamboat Co.*, 50 N.Y. 127; *Burnell* v. *N. Y. C. R. R. Co.*, 45 id. 184, 190; *Schwerin* v. *McKie*, 5 Robt. 404; *Pratt* v. *Hibbard*, 7 Cow. 497, 500; *Brooks* v. *Steen*, 6 Hun, 516; *Wylde* v. *N. R. R. Co. of N. J.*, 53 N. Y. 156, 164; *Mynard* v. *S. R. R. Co.*, 71 id. 183; *Bruce* v. *Kelly*, 7 J. & S. 27, 36; *Bush* v. *Miller*, 13 Barb. 481; *Nelson* v. *Woodruff*, 1 Blackf. 156, 160.) No presumptions will be indulged in favor of common carriers exempting them from common-law liability. (*Edsall* v. *C. & A. Co.*, 50 N. Y. 661; *Westcott* v. *Fargo*, 6 Lans. 328; *Mynard* v. *S. R. R.*, 71 N. Y. 183; *Nichols* v. *N. Y. C. & H. R. R. R. Co.*, 89 id. 370; *Wells* v. *St. Nav. Co.*, 8 id. 375, 380; *Alexander* v. *Green*, 7 Hill, 533, 547; *Shumway* v. *Erie R. R. Co.*, 43 N. Y. 123.)

*Austen G. Fox* for respondent. If plaintiffs had intended to claim at the trial that the bill of lading was not the contract, they should have made their objection when it was offered in

evidence. (75 N. Y. 144; *Thayer* v. *Marsh*, id. 340, 342; *White* v. *Dodds*, 42 Barb. 554, 564; *Perratt* v. *Shearer*, 17 Mich. 48, 53; *Abbott* v. *Parsons*, 17 Bing. 563.) In the absence of evidence to the contrary, the presumption is that the delivery of the bill of lading and the receipt of the boxes mentioned were simultaneous, or nearly so. (*Hill* v. *S. B. & N. Y. R. R. Co.*, 75 N. Y. 351; *Ger. F. Ins. Co.* v. *M. & C. R. R. Co.*, 72 id. 90, 94; *Bostwick* v. *B. & O. R. R. Co.*, 45 id. 712; *Merch's' N. B'k* v. *Hall*, 83 id. 338; *Eaton C. & B. Co.* v. *Avery*, id. 31.) Whatever the presumption may be in the absence of evidence, it would have been error to submit to the jury the question of the delivery of the bill of lading, the evidence of its delivery being uncontradicted, and neither incredible nor improbable on its face. (*Loomer* v. *Meeker*, 25 N. Y. 361; *Newton* v. *Pope*, 1 Cow. 109; *People* v. *Cook*, 8 N. Y. 67, 73.) The court did not err in instructing the jury that " the action is practically under the bill of lading, that is, the rights of the parties are determined by the nature of the contract made by the bill of lading." (*Brotherson* v. *Jones*, Lalor's Suppl. 171; *Evans* v. *Spillman*, 6 B. Monr. 334; Hilliard on New Trials [2d ed.], 60; *Graff* v. *P. & S. R. R. Co.*, 31 Penn. St. 489; *Storey* v. *Brennan*, 15 N. Y. 524; *Alger* v. *Gardiner*, 54 id. 360.) The burden of proof was on the plaintiffs to prove negligence. (*French* v. *B., N. Y. & E. R. R. Co.*, 4 Keyes, 108; 46 N. Y. 279; *Moore* v. *Evans*, 14 Barb. 524; *N. J. S. Nav.* v. *Merch's' B'k*, 6 How. [U. S.] 344, 383, 384; *Carr* v. *L. & Y. Ry. Co.*, 7 Ex. 607.) The plaintiffs were bound to prove that the alleged negligence was the cause of the loss. (*Kroushage* v. *C., M. & St. P. R. R. Co.*, 45 Wis. 500; *Whitworth* v. *Erie Ry. Co.*, 87 N Y. 413, 419; Wharton on Neg., § 73; 2 Greenl. Ev., § 256; *Holbrook* v. *U. & S. R. R. Co.*, 12 N. Y. 236; *Alden* v. *B. C. R. & N. R. R. Co.*, 57 Iowa, 623, 629; *Caldwell* v. *N. J. St. Co.*, 47 N. Y. 282.) The court did not err in confining the jury to a consideration of negligence by delay. (*French* v. *B., N. Y. & E. R. Co.*, 4 Keyes, 108; *Claflin* v. *Meyer*, 75 N. Y. 260.) The court did not err in charging that " under the burden of proof the

plaintiffs are bound to negative every opportunity of their (the goods) being stolen, which the facts admit of." (75 N. Y. 144; *Pattison* v. *S. N. B'k*, 80 id. 82; *M. H. & O. R.* v. *Kirkwood*, 45 Mich. 51; *Powell* v. *Price*, 3 N. Y. 322.)

RUGER, Ch. J.   When this case was before this court on a former appeal (75 N. Y. 144) it did not affirmatively appear that for the period of three days, elapsing between the time of the delivery to the consignees, by the carrier of the boxes originally containing the lost goods, and the discovery of the loss of the property contained in them, that such care had been proved by the plaintiffs to have been taken of them during that period, as to exclude the possibility of the loss having occurred after the goods had arrived in the possession of the consignees, and, therefore, that no stronger presumption of their loss while in the possession of the defendant could be indulged by the jury than that such loss occurred while they were in the possession of the consignees. For this reason the judgment upon the verdict in favor of the plaintiffs was reversed and a new trial ordered.

This proof has now been supplied and that question is, therefore, eliminated from the case. The case is now presented as arising upon a contract between the consignors and the carriers, for the transportation of certain goods from Washington to New York at the owner's risk, and their safe delivery to the consignees at the latter place.

Assuming, for the purposes of the argument, that this contract of carriage is embraced in the bill of lading, and that that was duly delivered to the plaintiffs previous to the shipment of the goods, by the defendant, it was nevertheless a contract whereby the carrier was bound to exercise reasonable care and prudence in the transportation of the property, and to exercise a reasonable degree of diligence in forwarding it to its destination. The degree of care and caution which a carrier is bound to bestow upon property intrusted to him, to be transported from one point to another, under a contract that the same shall be transported at the owner's risk, was formerly the subject of

some discussion in the courts, but for losses accruing through his gross negligence under such a contract, the authorities all concede his liability. (*Moore* v. *Evans*, 14 Barb. 524 ; *Alexander* v. *Greene*, 7 Hill, 546 ; *Wells* v. *Steam Navigation Co.*, 8 N. Y. 380 ; *French* v. *Buffalo, N. Y. & E. R. R. Co.*, 4 Keyes, 113.) Under the more recent decisions of the courts it is held that a carrier does not exempt himself from the consequences of his own negligence, unless that is expressly provided for in the contract of carriage. (*Mynard* v. *Syracuse, etc., R. R. Co.*, 71 N. Y. 183 ; 27 Am. Rep. 28.) When the liability of a party is predicated upon his negligence in the performance of a duty which rests upon him by virtue of a contract or otherwise, the burden is always upon the plaintiff to establish the fact of negligence to the satisfaction of the jury, but when the fact of an injury is established, and negligence on the part of the defendant is shown, to which the loss or injury could reasonably be imputed as a cause, the question as to whether such injury was occasioned by the negligence proved is a question for the jury to determine.

The proof in this case tended to show that the goods lost were contained in one of eighteen certain boxes of jewelry, delivered by the consignors to the defendant, at Washington on the 13th day of May, 1872, to be transported by them and delivered to Sackett, Davis & Co. in New York. It further tended to show that the said boxes were delivered by the defendant to the consignees on the 20th day of May thereafter, and were received by said consignees, and kept by them in the basement of their jewelry store in New York for a period of three days before the one containing the goods alleged to have been lost was opened, and the property described in the complaint was found to have been abstracted from the box which originally contained it. Evidence was given on the trial by the plaintiff, which tended to rebut the inference, that this property might have been abstracted from such box during the three days while it remained unopened in the custody of the consignees. Evidence was also given by the plaintiffs that more time was taken by the defendant in the transportation of these

goods from Washington to New York than was usual or customary, which was variously estimated by the witnesses as from three to six days, and which, as stated by one of defendant's witnesses, was supposed to have occurred either at Baltimore, owing to insufficient facilities for transporting property through the city, or at Amboy, on account of an accumulation of freight at that point, or perhaps to both of those causes.

Upon this evidence it was entirely competent for the jury to infer, not only that the goods proven to have been lost were in fact delivered to the defendant at Washington, but also the further fact that they never had been delivered to the consignees at the place of destination. If the jury should find the affirmative of both of these facts, as they would have the right to do upon the evidence, it would lead to the very natural presumption of a want of care on the part of the defendant while in course of transportation, whereby the property in question had been suffered to be abstracted from the packages containing it while in its custody.

Had it not been for the rulings of the court below in this case we should have considered the law to have been settled beyond controversy, that proof of the non-delivery of property by a bailee upon demand, unexplained, makes out a *prima facie* case of negligence against such bailee in the care and custody of the thing bailed, and, in the absence of any evidence on his part, excusing such non-delivery, presents a question of fact as to the negligence of the bailee for the consideration of the jury. (*Burnell* v. *N. Y. C. R. R. Co.*, 45 N. Y. 185; 6 Am. Rep. 61; *Magnin* v. *Dinsmore*, 56 N. Y. 168; *Steers* v. *Liverpool, N. Y. & P. Steamship Co.*, 57 id. 6; 15 Am. Rep. 453; *Fairfax* v. *N. Y. C. & Hud. R. R. R. Co.*, 67 N. Y. 11; *Claflin* v. *Meyer*, 75 id. 260; 31 Am. Rep. 467; *Schmidt* v. *Blood*, 9 Wend. 268; *Moore* v. *Evans*, 14 Barb. 524.) The principle upon which this rule is founded embraces as well the case of a partial as of a total failure to deliver the subject of a bailment.

The rulings of the court on the trial and its repeated instructions to the jury that they could not find a verdict for

the plaintiffs, except upon the assumption that the property had been stolen or lost while in the possession of the defendant, and that such loss must be found to be attributable exclusively to the negligence of the defendant in delaying its transportation, were erroneous, and for that reason a new trial should be ordered. Having arrived at this conclusion it becomes unnecessary to examine or discuss the numerous other questions presented by this record.

The judgment of the General Term should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.