7010

## TERRY v. SOUTHERN RY.

1. BAILOR AND BAILEE—NEGLIGENCE.—It is not incumbent on bailor, in suit for goods lost by bailee, to show goods were lost by negligence of bailee.

2. WAREHOUSEMAN—PACKAGE ROOM.—A COMMON CARRIER in providing a place where packages may be checked and kept for a fee is a warehouseman and may limit its liability for loss of a package by stipulation on the back of the receipt.

Before PURDY, J., Spartanburg, August, 1907. Reversed.

Action by C. P. Terry against Southern Railway Company. From order on circuit affirming judgment of Magistrate A. H. Kirby, defendant appeals.

*Mr. J. B. Atkinson,* for appellant, cites: *Burden of proving absence of ordinary care is on bailor:* 19 S. C., 32; 1 Chit. Con., 680; Story on Bail., sec. 410; 9 Wend., 268. *Defendant could limit its liability here:* 39 S. C., 60; 75 S. C., 324; 5 Cyc., 176. *The receipt is a contract:* 63 Am. St. R., 359; 86 Am. St. R., 250. *Bailor is bound by conditions printed on receipt:* 43 Or., 366; 25 Am. St. R., 660; 26 S. C., 96; 16 Mich., 79; 100 Mass., 505; 51 N. Y., 1.

*Mr. Horace L. Bomar,* contra, cites: *The condition on the receipt is not binding in absence of proof that attention of bailor was called to it:* 75 Fed., 370.

September 9, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In this action of claim and delivery the plaintiff recovered judgment in a magistrate court for the possession of a suit case and contents, or seventy-five dollars, the value thereof, in case a delivery could not be had. The judgment of the magistrate was affirmed by the Circuit Court. The facts upon which the appeal turns were not in dispute.

The defendant kept at its Spartanburg station a room where it received packages for safekeeping. It there received from plaintiff the suit case and issued to him a check, or receipt, of which the following is a copy:

"Form 240.      SOUTHERN RAILWAY CO.

Package room owner's duplicate check.

..................................................... Station.
Issued ................... M.................... 196..
No. C43101.    10 cents each 24 hours or fraction thereof."

These stipulations were printed on the back:

"When a parcel is delivered to package room this stub must be detached and delivered to owner, which must be surrendered to agent before package can be obtained.

"The party accepting this check hereby agrees, in consideration of the low rate at which it is issued, that no claim in excess of ten dollars ($10.00) shall be made against the railroad company for loss of or injury to any package, valise or other article which may have been deposited with it, and for which this ticket has been issued. W. H. Taylor, General Passenger Agent."

When the plaintiff requested a return of the case it could not be found; and the defendant's agents testified that, after careful search, they were unable to account for its disappearance.

There is no authority to be found in any jurisdiction for the proposition submitted by appellant that it was incumbent on the plaintiff to assume the burden of showing the loss was due to the negligence of the bailee. There can be no doubt of defendant's liability. *Fleischman* v. *So. Ry. Co.,* 76 S. C., 237.

It is equally clear the liability was limited to ten dollars, as stated in the receipt. We are not called on to decide whether a common carrier is bound to have a higher and lower freight rate, and express that a limitation of the amount of its liability for goods is in consideration of the lower rate, in order to make a contract for such limitation of liability valid. That point is not involved, for respondent's counsel well concedes the keeping of a room for the deposit of parcels is not a part of the business of a common carrier; and that the defendant, as to packages received therein, contracted as a warehouseman. As such warehouseman, in receiving the goods, it had a right to contract for the limitation of the amount of its liability in case of loss, and the receipt expressing such limitation was binding on the owner of the goods. *Piedmont Manf. Co.* v. *C.*

*& G. R. R. Co.,* 19 S. C., 353; *Dunbar* v. *Port Royal & R. Ry. Co.,* 36 S. C., 110, 15 S. E., 357; *Hill* v. *G. C. & N. R. R. Co.,* 43 S. C., 462, 21 S. E., 377; *Caw* v. *Texas & P. Ry. Co.,* 194 U. S., 427, 48 L. Ed., 1053.

The judgment of this Court is that the judgment of the magistrate be modified by reducing the recovery from seventy dollars to ten dollars, the amount of the liability stipulated in the receipt.