## MUNGER AUTOMOBILE CO. v. AMERICAN LLOYDS OF DALLAS. (No. 106.)

(Court of Civil Appeals of Texas. Waco. Nov. 13, 1924. Rehearing Denied Dec. 13, 1924.)

I. **Livery stable and garage keepers ⬤⟿6— Answer of bailee of car that by posted sign known to bailor of nonliability for theft or fire held defense.**

That bailee of automobile to be repaired had posted sign of nonliability for theft or fire, and that bailor knew and agreed thereto, *held* defense to action for loss by theft.

2. **Constitutional law ⬤⟿276—Parties may limit liability under contract where not against public policy or statutes.**

In view of state Constitution, art. 1, § 19, providing that no citizen shall be deprived of liberty, property, or privileges, except by due course of law, contracting parties may limit their liability where limitation is not against public policy or statutes.

3. **Livery stable and garage keepers ⬤⟿6—In action for loss of automobile, evidence that car in question was first ever stolen from defendant garage company improperly excluded.**

In an action against garage company from whose possession car was stolen, where latter showed general method of handling cars left for repair, testimony that company had never before had car stolen from it was improperly excluded.

4. **Livery stable and garage keepers ⬤⟿6— Want of ordinary care of bailee not presumed from fact of theft from him.**

That automobile was stolen from bailee does not raise presumption of his want of ordinary care, burden of showing which is on bailor.

5. **Trial ⬤⟿352(4)—Error to submit issue of negligence generally.**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971 and 1985, it was error to submit issue of negligence in general, thereby authorizing jury to find negligence on grounds neither alleged nor proven.

Appeal from District Court, Dallas County; Royall R. Watkins, Special Judge.

Action by American Lloyds of Dallas against the Munger Automobile Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Crane & Crane, of Dallas, for appellant.

Spence, Haven, Smithdeal & Spence, of Dallas, for appellee.

BARCUS, J. Appellee filed this suit against appellant, alleging that it had, for a valuable consideration, issued to Earl Fain an insurance policy in the sum of $3,500

against loss on account of theft of a Cadillac automobile; that thereafter the car was stolen, and, by reason of the insurance policy issued, it became obligated to and did pay Earl Fain said $3,500, and took an assignment of the policy and claim for the lost automobile. It was admitted in the trial court that the automobile in question was worth $3,500. Appellee alleged that Earl Fain delivered the automobile in question to appellant in Dallas, for the purpose of having it make certain slight repairs to said automobile, and thereby entered into a contract with appellant to retain the car in its possession for said purpose, and thereby appellant became a bailee for hire of said automobile. It alleged the appellant was guilty of negligence and violated its contract in permitting the automobile to be stolen, in that it did not safely protect the car from thieves and dishonest people and permitted the car to be left upon the floor of appellee's business and on a vacant lot in the heart of Dallas without any person being in charge; that appellant handled approximately 50 automobiles of the same make and character every day and did not keep a check on same, and the only employees kept by appellant on the lot with the cars were two negroes, and at times neither of them was present; that all persons had access to the lot where the cars were kept, and could drive any car off without appellant knowing it; that appellant was guilty of negligence in not keeping the car, according to its contract, in the storeroom where same was delivered to it by Fain.

Appellant answered by general demurrer and some special exceptions, and, by way of special defense, alleged it was not liable because it had posted in a conspicuous place in its place of business, where said automobile was delivered, in large letters, the sign: "Not Responsible for Cars or Parts in Case of Fire or Theft," and alleged that Earl Fain had knowledge of and knew that its acceptance of the custody of said automobile was conditioned that it would not be responsible for the loss of said car due to fire or theft, and that Fain delivered the car to it with the distinct understanding that the defendant would not be liable for the loss of said car by theft or fire. Appellant further pleaded that it was not guilty of negligence in taking care of said car, and that it was through no fault or negligence of it that the car was stolen.

[1] The cause was tried to a jury, and based on the findings of the jury and additional findings of the court, judgment was rendered for appellee against appellant for the agreed value of the car. Appellant complains of the action of the trial court in sustaining appellee's exception to that portion of its answer which pleaded as a defense the fact that it had posted in a prominent place notice that it would not be liable for loss by

---

theft or fire, and that Earl Fain knew thereof and agreed thereto. We sustain this assignment. The right of the bailee to make a contract exempting him from liability due to his negligence or the negligence of his employees has been the source of apparently conflicting authorities. In many of the opinions where the question has been discussed, the direct question was not involved. In some of the states statutes have been passed prohibiting public carriers from making contracts relieving them from loss occasioned by their negligence. The weight of authority seems to hold that, where there are no statutory provisions to the contrary, a contract made between the bailee and bailor, by which the bailee relieves himself from liability due to his or his employees' negligence, is valid, at least as against all but gross negligence. Page on Contracts, par. 766; World's Columbian Exposition v. Republic of France, 96 F. 687, 38 C. C. A. 483; Wells v. Porter, 169 Mo. 252, 69 S. W. 282, 92 Am. St. Rep. 637; Terry v. Southern Ry. Co., 81 S. C. 279, 62 S. E. 249, 18 L. R. A. (N. S.) 295; Coffield v. Harris, 2 Willson, Civ. Cas. Ct. App. § 315. If, at the time Earl Fain delivered his car to appellant, he had actual knowledge of said sign, and knew that the defendant's acceptance of the car was conditioned that it would not be responsible for the loss of said car by theft, and he left the car in appellant's possession with the distinct understanding on his part that appellant would not be liable for the loss of said car by theft, appellant would not be liable, unless the theft was occasioned by the gross negligence of appellant; it being an admitted fact that the car was stolen. We can see no valid reason for denying parties who receive automobiles for repair the right to make a contract limiting their liability in case the cars should be stolen. Automobiles have become almost the universal mode of transportation, and necessarily in the handling of automobiles for repair there is more or less danger of loss by theft or fire, even when handled with ordinary care.

In the case of Coffield v. Harris, supra, the bailee accepted some horses for pasturage at an agreed price, and the bailee, by special contract, limited his liability to the extent that he would not be responsible if the horses got out of the pasture and were thereby lost. The court held the contract was not against public policy nor prohibited by law, and was therefore valid.

Page on Contracts, supra, states the rule:

"Whether a bailee, who is not a common carrier, may relieve himself of liability to the bailor for injury due to the negligence of the bailee or of his employees, is a question upon which there is apparently at least a conflict of authority in the absence of statute. In cases in which the question is actually involved, it seems to be held by the weight of authority that such provision is valid, at least as against all but gross negligence. * * * A warehouseman may by contract relieve himself from liability for loss by fire, even if due to his own negligence."

In World's Columbian Exposition Co. v. Republic of France, supra, the Columbian Exposition, as part of its rules with reference to the care of exhibits placed on the grounds, provided it would not be responsible for any damage to, or for the loss or destruction of, an exhibit resulting from any cause, and it was held that by reason thereof the exposition company was not liable for the exhibits belonging to the republic of France being destroyed by fire, although the fire might have been caused by failure of the exposition company to maintain an adequate fire department.

[2] The Constitution of Texas, art. 1, § 19, provides that no citizen shall be deprived of liberty, property, or privileges, except by due course of the law of the land. If parties to a contract desire to limit their liability, where the limitation is not against public policy nor against the statutes, the courts will enforce same. In addition to the authorities above cited, see Sanchez v. Blumberg (Tex. Civ. App.) 176 S. W. 904; Gashweiler v. Wabash, St. L. & Pac. Ry. Co., 83 Mo. 112, 53 Am. Rep. 558; Canfield v. B. & O. Ry. Co., 93 N. Y. 532, 45 Am. Rep. 268; 3 R. C. L. p. 105, par. 30; Grady v. Schweinler, 16 N. D. 452, 113 N. W. 1031, 14 L. R. A. (N. S.) 1089, 125 Am. St. Rep. 674, 15 Ann. Cas. 161.

[3] Appellant in the trial court offered testimony showing the size of its storerooms, workshops, and floor space occupied and showing the method by which it handled cars left with it for repair, and testimony showing that it had conducted its business under the same general plan for more than 10 years, and that during the past several years it had handled more than 10,000 cars a year, and that all of them were handled in the same general way that the car of Earl Fain was handled, and while the witness J. R. Bower, the general manager of appellant, was on the stand, and after the above facts had been shown, he was asked the question "if the company had ever before had a car stolen from it," to which he would have answered, "No." The trial court refused to let him testify to said fact, and appellant assigns error on the action of the trial court. We sustain this assignment. It was unquestionably proper for appellant to show the general method which it had adopted; and which was in operation in the handling of cars left with it for repair. Appellant was charged under the law, in the absence of a special contract, to use ordinary care to prevent cars from being stolen. The court defined "negligence" and "ordinary care," and properly left to the jury the question as to whether appellant was guilty of negligence in the protection of the automobile. The question as to a party's

right to show that no loss had been sustained, or no accident occasioned by the way he had handled the articles or used the machinery, depends largely upon the facts of each individual case. The fact that appellant was only required to use that degree of care that an ordinarily prudent person would exercise under the same or similar circumstances to protect the car entitled it to show, if it could, the degree of care which it had used in the conduct of its business and the success that it had attained thereby toward the protection of property from loss by theft. In many cases similar testimony has been admitted on the question as to whether a party was guilty of negligence in failing to prevent loss or injury. Birmingham Union Ry. Co. v. Alexander, 93 Ala. 133, 9 So. 525; Hubbell v. City of Yonkers, 104 N. Y. 434, 10 N. E. 858, 58 Am. Rep. 522; Lafflin v. Buffalo & S. W. R. Co., 106 N. Y. 136, 12 N. E. 599, 60 Am. Rep. 433; Fletcher v. B. & P. R. Co., 168 U. S. 135, 18 S. Ct. 35, 42 L. Ed. 411; Southern Ry. Co. v. McLellan, 80 Miss. 700, 32 So. 283; Doyle v. St. Paul, M. & M. Ry. Co., 42 Minn. 79, 43 N. W. 787.

In the case of Fletcher v. B. & P. R. Co., supra, the question involved was as to the liability of a railroad for permitting its employees to throw wood from a moving train when the wood was being carried for the sole benefit of the employee. By the wood being so thrown, a party walking along the railroad tracks was injured. The court in discussing the question as to the liability of the railway for the acts of its employees, and the fact that the throwing of the wood in the manner it was thrown had been in vogue for a long time without any injury having occurred, used this language, which, we think, is applicable in this case:

"The fact that this custom had existed for sometime without any injuries having been received by any one is not a legal bar to the liability. It may be addressed to the jury as an argument upon the question whether the act was in its nature dangerous, and whether under all the circumstances the company was guilty of any negligence in permitting its continuance; but if the character of the act complained of is such that a jury might upon the evidence fairly say that injury to others might reasonably be apprehended, the fact that none such had theretofore occurred is not an answer as matter of law to the charge of negligence in continuously permitting acts of that nature. * * * It would be for the jury to answer the question."

[4] The mere fact that an automobile is stolen from the bailee is not presumptive evidence of the bailee's want of ordinary care, and, in the absence of a special contract, bailee is not responsible for more than ordinary care, and the burden of proof is on the bailor to show that the bailee was negligent. Staley v. Colony Union Gin Co. (Tex. Civ. App.) 163 S. W. 381; Hislop v. Ordner, 28 Tex. Civ. App. 540, 67 S. W. 337; Woodruff v. Painter, 150 Pa. 91, 24 A. 621, 16 L. R. A. 451, 30 Am. St. Rep. 786; Tancil v. Seaton, 28 Grat. (Va.) 601, 26 Am. Rep. 380; Schmidt v. Blood, 24 Am. Dec. 154; Exporters' & Traders' Compress & Warehouse Co. v. Schulze, 265 S. W. 133, rendered by the Supreme Court, October 15, 1924, not yet [officially] reported.

All of the circumstances surrounding the manner and method that appellant used to protect the cars left with it for repair, and the success or failure which it had accomplished by the methods used in protecting property from theft, were admissible before the jury, in order that the jury might determine from all the facts whether appellant exercised ordinary care to prevent the automobile committed to its care from being stolen. The trial court did not commit error in overruling appellant's request for a peremptory instruction. Under all of the circumstances and facts in this case it is a question for the jury to determine whether appellant was guilty of negligence.

[5] The court in its charge to the jury gave only a general definition of "negligence" and "ordinary care," and asked the jury if the car had been stolen, and then asked this question:

"If, in answer to the preceding issues, you have stated that said automobile was stolen while in the possession of the Munger Automobile Company, then please state if the Munger Automobile Company was guilty of negligence, as that term has hereinbefore been defined to you, in its failure, if any, to keep said automobile from being stolen."

To which the jury answered: "Munger Auto Company were guilty of negligence." Appellant objected to said issue because it was too general and did not confine the issue to the acts of negligence alleged by plaintiff in its pleadings. This assignment is sustained. Under articles 1971 and 1985, parties have a right to have each set of facts constituting negligence or contributory negligence submitted to the jury, and where there are two or more different grounds of negligence relied on, each should be presented separately, and the issues of negligence submitted should at all times be confined to those both pleaded and supported by the testimony. The charge should not submit an issue of negligence in general and thereby authorize the jury to find negligence on grounds neither alleged nor proven. Jamison Gin Co. v. Measels (Tex. Civ. App.) 207 S. W. 365; Kansas City, M. & O. Ry. Co. v. Cole (Tex. Civ. App.) 183 S. W. 137; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517.

The other assignments of error presented will not likely arise on another trial.

For the errors herein stated, the cause is reversed and remanded.