## LANGFORD v. NEVIN. (No. 2792.)

Court of Civil Appeals of Texas. Amarillo. March 16, 1927.

Rehearing Denied April 6, 1927.

1. **Livery stable keepers** ⟨key⟩7—**Garage keeper repairing automobile held bound to. use ordinary care for safe-keeping, in absence of limitation of liability.**

Where garage keeper accepted automobile to be repaired, he was a bailee for hire and bound to use ordinary care for the safe-keeping of the automobile, unless he limited his liability by contract.

2. **Livery stable keepers** ⟨key⟩7—**Evidence of signs stating garage keeper would not be responsible for theft held admissible.**

In action against garage keeper who accepted automobile for repairs, brought to recover for the loss of the automobile by theft, excluding evidence that there were three large signs in garage reading, "Not Responsible for Loss in Case of Fire or Theft," that these hung eight inches above the automobiles and were called to plaintiff's attention when he left his automobile, *held* error, since assent to condition stated by signs would relieve garage keeper except for gross negligence.

3. **Livery stable keepers** ⟨key⟩7—**Garage keeper taking automobile for repairs with no responsibility for theft is liable only for gross negligence.**

Garage keeper would be liable only for gross negligence in safe-keeping of automobile accepted by him for repairs, if his customer assented to condition presented by signs reading, "Not Responsible for Loss in Case of Fire or Theft."

Randolph, J., dissenting.

Appeal from District Court, Wichita County; Guy Rogers, Judge.

Suit by E. P. Nevin against W. S. Langford. From a judgment in favor of plaintiff, defendant appeals. Reversed and remanded.

Mathis & Caldwell, of Wichita Falls, for appellant.

Kay, Akin & Smedley, of Wichita Falls, for appellee..

JACKSON, J. This suit was instituted in the district court of Wichita county, Tex., by the appellee, E. P. Nevin, against the appellant, W. S. Langford, to recover the value of a Ford coupé delivered by appellee to appellant for the purpose of having some minor repairs made thereon. The appellee alleged that the appellant operated and maintained a garage and automobile repair shop in the city of Wichita Falls for the repair of Ford cars; that on October 16, 1924, he drove his automobile into the garage and repair shop and requested certain repairs to be made thereon, and thereby became liable and promised to pay a reasonable price for the services to be rendered, and that appellant, by his agent, servants and employees accepted the car, agreed to make the repairs and to have it ready for delivery at said place on or about 5 o'clock p. m. on the same day; that it was intended by both parties that the car should be kept in the garage and repair shop where it was delivered, and that the appellant in accepting the car, agreeing to make the repairs thereon and deliver the same to the appellee, contracted to keep the car in the garage and repair shop until called for and to deliver it at said place; that in violation of this agreement and obligation the appellant placed the automobile on a public street and on the opposite side of the street from the garage and repair shop, and left the keys in the lock, from which place the car was stolen by some person unknown to appellee, and that the car has never been found or delivered to him; that if appellant had performed his obligation and kept the automobile in the garage and repair shop instead of, leaving it unlocked with the key in it out on a public street it would not have been stolen, and that by reason of the breach of appellant's contract the appellee has been damaged in the sum of $650, the reasonable market value of the car.

Appellee alleges in his second count substantially the facts set out as above, but pleads in addition that by receiving the car for repair, the appellant became liable to him to use reasonable care and diligence in repairing the car, keeping it safely and protecting it from loss and damage; that the car was carelessly and negligently left on the public street with the keys in the lock, from which place it was stolen; and that such carelessness and negligence on the part of appellant was the proximate cause of the theft and loss of his car.

W. S. Langford, the appellant, answered by general demurrer, general denial, and specially pleaded: That he was not liable in any amount because he had, conspicuously posted in his place of business where the appellee delivered the automobile for repairs, a notice in large letters substantially as follows: "Not Responsible for Any Loss of Cars or Parts in Case of Fire or Theft." That the appellee had theretofore been in appellant's repair shop and knew that he accepted automobiles for repairs under the condition that he would

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

not be responsible for the loss of a car by either fire or theft, and that the appellee delivered said car to the appellant knowing that he would not be liable for the loss of said car if caused by fire or by theft. He denies that he'was guilty of negligence in any manner, or that it was through any fault or negligence of his that the car was stolen.

The court in his charge defined "negligence" and "ordinary care," and in response to special issues the jury found in effect that appellant was guilty of negligence in leaving the car outside of the shop with the switch key in it, and that the reasonable market value thereof was the sum of $495; and in accordance with such findings the court rendered judgment in favor of appellee, from which judgment this appeal is prosecuted.

The appellant assigns as error the action of the trial court in excluding the testimony offered by him to the effect that there were three large signs in the building, 7 or 8 feet in length, which were visible and could be seen from each entrance, reading, "Not Responsible for Loss in Case of Fire or Theft," and that each of them were hung about 8 inches above the top of an automobile, and that on the day that appellee placed his car in the shop and it was taken for repairs and at the time he left it there the signs and the reading thereof were called to his attention. The appellant had pleaded as a defense that these signs were hanging in his place of business, and that appellee knew that appellant accepted cars for repair on the condition that he would not be responsible for their loss by either fire or theft, and that appellee delivered his car to appellant knowing that he would not be liable for the loss of said car if caused by fire or caused by theft.

There is testimony tending to show that the lot across the street from the garage and adjacent to the street from which the car was stolen was under the management and control of appellant, and in connection with his business he kept secondhand cars and tractors on said lot, where three or four of his employees worked; that in conducting the business, in order to keep cars properly arranged in the garage and repair shop for reception and delivery, it was necessary at times to drive them out of the building and leave them temporarily; that for several years appellant had conducted his business in this way and no car had been stolen while outside of, the building, but some had been stolen while in the inside thereof; that appellee's car at the time it was stolen was in view of appellant's employees and was not out of the building exceeding five minutes.

The appellee testified that he had never seen the signs which appellant claimed to have in his building, and that his attention was never called thereto until after the theft of his car. It is admitted that the car was stolen.

[1] The appellant in this case was a bailee for hire, and was required to use ordinary care for the safe-keeping of appellee's car unless he had limited his liability by contract.

[2] In the case of Munger Automobile Co. v. American Lloyds of Dallas (Tex. Civ. App.) 267 S. W. 304, it was alleged that:

"Appellant was guilty of negligence and violated its contract in permitting the automobile to be stolen, in that it did not safely protect the car from thieves, * * * and permitted the car to be left upon the floor of appellee's business and on a vacant lot in the heart of Dallas without any person being in charge; * * * that appellant was guilty of negligence in not keeping the car, according to his contract, in the storeroom where same was delivered to it. * * *"

The appellant alleged as a defense that "it was not liable because it had posted in a conspicuous place in its place of business, where said automobile was delivered, in large letters, the sign, 'Not Responsible for Cars or Parts in Case of Fire or Theft,'" and alleged that the appellant had knowledge of and knew that appellant's acceptance of the car was conditioned upon the understanding that it would not be responsible for loss by fire or theft, and that appellee delivered the car with that distinct understanding. The appellant also denied negligence. The trial court sustained appellee's exceptions to its defense that it had posted in a prominent place a notice that it would not be liable for loss by fire or theft, and that appellee knew and agreed thereto. The Court of Civil Appeals held that this action of the trial court was error for the reason that if appellee knew that appellant accepted the car on such condition and left it in its possession with that understanding, appellant would not be liable for the theft of the car "unless the theft was occasioned by the gross negligence of appellant."

"If parties to a contract desire to limit their liability, where the limitation is not against public policy nor against the statutes, the courts will enforce same. In addition to the authorities above cited, see Sanchez v. Blumberg (Tex. Civ. App.) 176 S. W. 904; Gashweiler v. Wabash, St. L. & Pac. Ry. Co., 83 Mo. 112, 53 Am. Rep. 558; Canfield v. B. & O. Ry. Co., 93 N. Y. 532, 45 Am. Rep. 268; 3 R. C. L. p. 105, par. 30; Grady v. Schweinler, 16 N. D. 452, 113 N. W. 1031, 14 L. R. A. (N. S.) 1089, 125 Am. St. Rep. 674, 15 Ann. Cas. 161." Munger Auto Co. v. American Lloyds of Dallas (Tex. Civ. App.) 267 S. W. 304.

"The weight of authority seems to hold that, where there are no statutory provisions to the contrary, a contract made between the bailee and bailor, by which the bailee relieves himself from liability due to his or his employees' negligence, is valid, at least as against all but gross negligence. Page on Contracts, par. 766; World's Columbian Exposition v. Republic of France, 96 F. 687, 38 C. C. A. 483; Wells v. Porter, 169 Mo. 252, 69 S. W. 282, 92 Am. St.

Rep. 637; Terry v. Southern Ry. Co., 81 S. C. 279, 62 S. E. 249, 18 L. R. A. (N. S.) 295; Coffield v. Harris, 2 Willson, Civ. Cas. Ct. App. § 315." Munger Auto Co. v. American Lloyds of Dallas (Tex. Civ. App.) 267 S. W. 304.

In addition to the foregoing authorities, see M., K. & T. Ry. v. Carter, 95 Tex. 461, 68 S. W. 159; 42 A. L. R. 135.

Although the appellee requested the court to submit to the jury for its determination whether or not the appellant had contracted and agreed to keep appellee's car inside the building, and whether the breach of such contract, if any, was the cause of the theft of the car, he refused to do so, and no cross-assignment of error is presented to this action of the court; hence, this feature of the case is not before us for consideration.

If the testimony excluded by the court had been believed by the jury, it would have supported a finding that appellee knew of the signs hung in appellant's place of business, had their contents called to his attention, and that by leaving his car with that information he had assented and acquiesced in the proposition that appellant was limiting his liability as a bailee and was not responsible for the loss of the car if caused by fire or theft. This would have changed the degree of care that appellant was required to exercise for the safe-keeping of the car.

[3] With the testimony excluded tending to show a contract limitation on his liability as a bailee, appellant's duty required the exercise of ordinary care; with this testimony before the jury, he would have been responsible only for gross negligence, and would have been in a position to request that the jury be so instructed. Without this testimony there was no basis for such instruction.

The judgment is reversed and the cause remanded.

RANDOLPH, J. (dissenting). I will not enter into a discussion of the case, but only wish to point out briefly wherein I do not agree with the majority opinion written by Judge JACKSON. I recognize the right of a bailee to so contract as to exempt himself from liability, but I cannot agree that the facts in this case show that the bailee was within the terms of the exemption contract claimed by him.

Conceding that the plaintiff was aware of the force and effect of the signs posted in the garage, I am of the opinion that the bailor had the right to rely upon the apparent security of the building and of the presence of people at work around it as a protection against theft of his car. As long as the car remained in the garage the defendant's exemption from liability may have continued, but when the bailee removed it from the garage and placed it on the public street with the keys left in it as an invitation to a theft, bailee removed himself from under the protection of the exemption.

I think the judgment should be affirmed.