## YALE TRANSPORT CORPORATION v. YELLOW TRUCK & COACH MFG. CO.

District Court, S. D. New York.

April 18, 1944.

Bigham, Englar, Jones & Houston, of New York City (John M. Aherne, and James M. Hughes, Jr., both of New York City, of counsel), for plaintiff.

Cohen & McGuirk, of New York City, (L. L. Walton, of New York City, of counsel), for defendant.

RIFKIND, District Judge.

Plaintiff, owner of a truck, brought this action against the manufacturer thereof for damages to truck and cargo resulting from defendant's negligence in the manufacture of the vehicle. Defendant having answered, plaintiff moves under rule 12 (f), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to strike out the second, third and fourth defenses on the ground that they are "impertinent, immaterial, sham and false in fact". Its motion is accompanied by affidavits.

The challenged defenses in substance allege the following: The second defense pleads that plaintiff's loss was covered by insurance, that the insurer has paid the

loss and is the assignee of the cause of action and, therefore, that plaintiff is not the real party in interest, Rule 17, F.R.C.P. The third defense pleads that insurance companies have paid the loss "wholly or in part" and are necessary and proper parties, Rule 19. The fourth defense follows precisely the form of the second defense in Form 20 annexed to the Federal Rules, 28 U.S.C.A. following section 723c.

Upon the argument counsel stipulated that the cause was governed by the law of New York. They also stipulated that the third defense should be deemed amended to allege only partial payment of the loss by the insurers. See Rule 8(e) (2) on alternative statements.

Since the second defense is clearly not impertinent or immaterial, the question presented is whether the Rules permit a motion to strike a defense on the ground that it is sham, that is, false in fact. Rule 12(f) does not in terms authorize such a motion. In that respect it departs from Rule 103 of the New York Rules of Civil Practice and adheres more closely to former Equity Rule 21, 28 U.S.C.A. § 723 Appendix. Even the New York courts draw a distinction between motions under Rule 103 to strike out parts of a pleading, on the ground that they are sham, from motions which attack pleadings on the ground that they offend some of the other provisions of the rule. Thus they receive affidavits in support of a motion to strike out matter which is sham but refuse them in the other situations. Purdy v. McGarity, 1941, 262 App.Div. 623, 30 N.Y.S.2d 966; Gardella v. Hagopian, Sup., 1941, 28 N.Y S.2d 250, reversed on another point, 263 App.Div. 816, 31 N.Y.S.2d 450. And see Puccio v. Carr, 1941, 177 Misc. 706, 31 N.Y.S.2d 805, affirmed, 263 App.Div. 1042, 33 N.Y.S.2d 684.

The distinction between the New York rule and the Federal rule has been noted, National Millwork Corp. v. Preferred Mutual Fire Ins Co., D.C.E.D.N.Y., 1939, 28 F.Supp. 952; Thierfeld v. Postman's Fifth Avenue Corp., D.C.S.D.N.Y., 1941, 37 F.Supp 958, but no effect seems to have been given thereto.

The history of the Federal Rules does not permit the inference that the omission of sham from Rule 12(f) is the product of oversight or of merely literary choice. I am of the opinion that Rule 12(f) was so drawn so as not to authorize the striking of false matter from a pleading on motion If this conclusion is correct it follows that the word "sham" cannot be introduced into the Rule by the use of the local rule making power under Rule 83, and reliance upon Rule 34 of the Civil Rules of this court.[1]

Rule 56(d) affords the court an opportunity to withdraw sham issues from trial. The procedure authorized in that section is, however, designed as ancillary to a motion for summary judgment. Primarily, its purpose seems to be to salvage some results from the judicial effort involved in the denial of a motion for summary judgment. Rule 56(d) does not authorize the initiation of motions the sole object of which is to adjudicate issues of fact which are not dispositive of any claim or part thereof.

The only avenue of relief that I have been able to find is to make an order under Rule 16 for a simplification of the issues. The making of such an order is lodged in the court's discretion. One of its objects is economy of judicial effort. Discretion in favor of making such an order should be exercised in the instant case for the additional reason that many lawyers are of the opinion that the very mention of insurance to a jury is prejudicial to the party enjoying insurance protection.[2]

At a conference held by the court with counsel, after argument upon the motion, it became clear that the facts averred in the moving affidavits are not controverted and that the issue of substance which divides them is the effectiveness of the

---

[1] Rule 34 of the Civil Rules of the Southern District of New York reads: "Whenever a procedural question arises which is not covered by the provisions of any statute of the United States, or of the Federal Rules of Civil Procedure, or of these rules, it shall be determined, if possible, by the parallels or analogies furnished by such statutes and rules. If, however, no such parallels or analogies exist, then the procedure heretofore prevailing in courts of equity of the United States, or in default thereof the procedure which shall then prevail in the Supreme Court of the State of New York shall be applied."

[2] I do not share the view that juries in this district cannot be trusted with this information. My impression is that jurors assume that large business enterprises insure against the common variety of insurable risks.

so-called "loan receipt" taken by the insurer when payment was made under the policy, for the very purpose of permitting the action against the third party to proceed in the name of the assured.

 On that issue I hold that the loan receipt is effective to accomplish its purpose, Luckenbach v. McCahan Sugar Refining Co., 1918, 248 U.S. 139, 39 S.Ct. 53, 63 L.Ed. 170, 1 A.L.R. 1522. That is the prevailing view of the New York courts. The most recent New York decision is Merrimac Mfg. Co. v. Lowell Trucking Corp., Sup., 46 N.Y.S.2d 736, which cites the relevant New York authorities. Cocoa Trading Co. v. Bayway Terminal Corp., 290 N.Y. 697, 49 N.E.2d 632, and 865, 50 N.E.2d 247, does not hold otherwise. I, therefore, conclude that the issues should be simplified by striking the second defense.

 The third and fourth defenses as amended at the conference are insufficient as a matter of law. It is well settled that an insurer which has paid only part of the loss is not a necessary party to an action by the assured against the wrongdoer. Chicago, etc., R. Co. v. Pullman Southern Car Co., 1891, 139 U.S. 79, 87, 11 S.Ct. 490, 35 L.Ed. 97; Norwich Union Fire Ins. Society v. Standard Oil Co., 8 Cir., 1894, 59 F. 984; Steinhaus v. City of New York, Sup., 1919, 179 N.Y.S. 195; Firemen's Insurance Co. v. Bremmer, 8 Cir., 1928, 25 F.2d 75; Henderson v. Park Central Motor Service, Inc., 1930, 138 Misc. 183, 244 N. Y.S. 409.

Motion granted. Settle order in accordance with this opinion.