WELLS, Appellant, v. PORTER.

Division One, June 18, 1902.

Wheat: DEPOSIT IN MILL: CONTRACT: LOSS BY FIRE. The plaintiff left wheat at defendant's mill, and defendant executed to him this certificate of deposit: "This is to certify that T. W. Wells has deposited at the Urich Roller Mills 76 bushels of wheat, for which is due him 2,432 pounds of flour and 760 pounds of bran, when this certificate is presented at the mill. Am not responsible for deposit in case of fire or accident. Wm. Porter, prop." Held, that, the mill having been burned and the wheat destroyed, the defendant miller was not responsible for the loss to plaintiff. The question of whether this deposit was bailment, or sale, or exchange, does not enter into a determination of the miller's liability, but that is

settled by the contract, which plainly says that he was not to be liable for the loss. And in so far as O'Neal v. Stone, 79 Mo. App. 279, conflicts with this holding, it is overruled.

Transferred from Kansas City Court of Appeals.

Circuit court judgment affirmed.

*C. A. Calvird* for appellant.

The trial court erred in giving the instruction in the nature of a demurrer to the evidence, asked by defendant, at the close of plaintiff's case. Martin v. Mill Co., 49 Mo. App. 23; O'Neal v. Stone, 79 Mo. App. 279. The only defense attempted to be made by defendant on the trial of this cause was, that by the wording of the certificates offered in evidence by plaintiff, defendant was exempted from liability for the value of the flour and bran therein agreed to be delivered in case defendant's mill was destroyed by fire, lightning or tornado at any time before such delivery. The testimony shows that no part of the wheat mentioned in the certificates was in the mill at the time of the fire, but the same had been mixed with other wheat, ground into flour and sold to customers in due course of trade. At the trial plaintiff relied upon Martin v. Mill Co., 49 Mo. App. 23, and since the trial O'Neal v. Stone has been decided by the St. Louis Court of Appeals, and the two effectually settle this case in favor of the appellant.

*Jas. Parks & Son* for respondent.

(1) When a party, by his own contract, creates a duty or charge upon himself, he is bound to make it good, notwithstanding any accident by inevitable necessity, because he might have provided against it by contract. Brinkerhoff v. Elliott, 43 Mo. App. 185. (2) Courts will not make a different contract for the parties thereto than they have made for themselves; they will not say that the contract is

unreasonable and should not for that reason be enforced. Courts of law must allow parties to make their own contracts, and can enforce only such as they actually make. If no fraud was practiced in the making or procuring of the contract, it will be enforced according to its meaning, however much advantage it may give one party over the other. Blaine v. Knapp & Co., 140 Mo. 241.

BRACE, P. J.—This case is certified here by the Kansas City Court of Appeals, on the ground that one of the judges of said court deems the decision therein contrary to the previous decision of the St. Louis Court of Appeals, in O'Neal v. Stone, 79 Mo. App. 279.

The opinion of Judge GILL, deciding the case, in which all the other judges concurred, is as follows:

"The defendant was proprietor of a flouring mill at Urich in Henry county. In dealing with the farmers of that vicinity, they would bring their wheat, or at least such as they needed for their own use, and defendant would receive the same and execute to them certificates showing the amount of grain received, and what amount of flour and bran each was entitled to get on demand. As flour was furnished from time to time the amount would be indorsed on the certificate.

"Two of these certificates of deposit furnish the basis of this action. One was issued to plaintiff Wells, and was as follows:

### CERTIFICATE OF DEPOSIT

#### ISSUED BY

#### URICH ROLLER MILLS.

This is to certify that Mr. T. W. Wells has deposited at the Urich Roller Mills, 76 bushels and —— lb. of wheat, for which is due him 2,432 lb. of flour and 760 lb. of bran, when this certificate is presented at the mill.

Am not responsible for deposit in case of fire or accident.

WM. PORTER, Proprietor.

Wells v. Porter.

"Under this certificate of deposit there was delivered to plaintiff flour and bran at the dates indorsed thereon, 600 pounds of flour and 255 pounds of bran. Every time he came for the flour and bran and presented his certificate at the mill, he received such flour and bran in such quantities as he desired. This action is for flour and bran not asked for or demanded, but left at the mill by plaintiff under the arrangement above indicated until the mill and its contents were destroyed by fire in May, 1896.

"The second certificate was issued to one Peek for wheat left by him at the mill, and a portion of the flour contracted for was delivered from time to time, but when the mill was destroyed there was still a balance to his credit. The certificates in the two cases were substantially the same except as to the name of depositor and amount of wheat, flour, etc., and on the face of the latter was indorsed the words: 'Depositors assume all risk of fire, lightning and tornado.' Signed 'Wm. Porter, Prop.'

"To save multiplicity of suits, doubtless, Peek assigned his claim to Wells, and, hence, this action is grounded on the two deposits.

"It is conceded that when the mill burned there was a large quantity of flour and bran on hand—more than sufficient to answer the demands of all such depositors—and that the mill and contents were destroyed without any negligence or fault on the part of defendant. On this state of facts the trial court directed a verdict for defendant, and from a judgment in the latter's favor, plaintiff appealed.

"I. The judgment is for the right party, and will be affirmed. The paper executed when the wheat was delivered at defendant's mill shows clearly that the parties intended that the flour and bran to be taken in exchange for the wheat was to be held at the depositors' risk of destruction by fire. It is immaterial whether the transaction be considered one of bailment, sale or exchange—whether it was intended that title

of the wheat passed immediately on placing it in defendant's bins, or whether property in the flour to be taken in exchange was vested in the depositor then or was to become vested in the future. The contract remains the same, to-wit, that if the flour and bran, held in the mill to answer the demands for such depositors, should be destroyed by fire, it should be the loss of such depositors to the extent of whatever balance they might then have there to their credit. This is the plain meaning of the contract entered into by the parties at the time. This being so, plaintiff can not now be heard to the contrary. Whether reasonable or unreasonable it matters not, the parties made the contract and must abide by it. The plaintiff and his assignor agreed that defendant 'should not be responsible for deposit in case of fire;' the depositors 'assumed all risk of fire.'

"The cases of Martin v. Mill Co., 49 Mo. App. 23, and O'Neal v. Stone (St. Louis Court of Appeals, 2 Mo. App. Rep. 401) do not save plaintiff's case. The provisions of contract, such as we have here, were not passed on in either of those cases. They were made to turn on the question as to where was the title of the deposited wheat at the date of the fire? In the absence of a contract to the contrary, the loss was held to follow ownership. The wheat was held to pass by sale or exchange, that there was no bailment, while here we are not concerned with the question whether the transaction was a sale, exchange or bailment. It is sufficient, whatever it may be, that a contract was made that imposed the loss of the flour and bran on the party leaving the wheat at the mill (the 'depositor') whether he be a bailor or vendor.

"It results then that the judgment, which was for the defendant, should be affirmed, and it is so ordered. All concur."

The case of O'Neal v. Stone, 79 Mo. App. 279, was tried in the circuit court before the court without a jury: finding and judgment for the plaintiffs and defendant appealed. The

question presented for the decision of the Court of Appeals is thus stated by that court:

"No declarations of law were asked or given on the part of the plaintiff. The defendant asked numerous instructions, all of which but one were refused, and that given only in modified form. From this action of the court we are reasonably informed that the court found from the evidence that the deposits of wheat made by the plaintiff and his assignors were in fact sales and not bailments." Upon the question thus presented the ruling of the court was as follows: "We agree with the learned circuit judge that the several transactions counted upon in the plaintiff's petition were sales and not bailments, and that the loss by fire must fall upon the defendant and not upon the depositors. Judgment affirmed. All concur." In that case the action was on ten certificates of deposit of wheat. On the backs of eight of them was the following printed indorsement: "Owners assume all risk by fire." And in the body of the other two was contained the following clause: Said depositor "agrees to assume all damages by fire, lightning, tornado, and all causes unavoidable by said R. C. Stone."

In the opinion not one word is said about the bearing of these parts of the contracts upon the defendant's liability. The whole opinion, from the statement of the question to the ruling, is devoted to the maintenance of the proposition that the contracts were bailments, and the ruling is made as the necessary sequence thereof. Hence, Judge GILL is right in saying it was "made to turn on the question as to where was the title of the deposited wheat at the date of the fire," and that the holding was that it passed by "sale or exchange," there was no "bailment" and the loss followed the "ownership."

Whatever may be said of the disposition of that case by this ruling, "it hath this extent no more," and "did not save plaintiff's case." For we agree with the Kansas City Court

Vol. 169 mo—17

of Appeals that whatever name may be given to the contracts in this case, whether sale, exchange or bailment, it is sufficient "that a contract was made that imposed the loss of the flour and bran on the party leaving the wheat at the mill ('the depositor') whether he be bailor or vendor." If anything in the decision in the case of O'Neal v. Stone seems to conflict with the ruling of the Kansas City Court of Appeals in this case, it ought to be disregarded. Hence, for the reasons given by that court in its opinion, the judgment of the circuit court is affirmed. All concur.