LOUIS GREENFIELD, APPELLANT, v. PURPLE SHOPPE, INC., RESPONDENT.
—100 S. W. (2d) 345.

Kansas City Court of Appeals, January 11, 1937.

*R. S. James, Jr.* and *Paul B. Dessieux* for appellant.

*H. P. Lauf* and *John O. Bond* for respondent.

SHAIN, P. J.—In this action the plaintiff seeks to recover from the defendant the purchase price of merchandise alleged to have been consigned to the defendant.

The plaintiff in his petition sets forth, at some length, the contract under which the defendant had possession of the merchandise involved and based his plea for recovery on the ground that a fur coat, invoiced at $495, had not been paid for or returned to plaintiff and asked judgment for the invoiced value less $8.62 admitted to be due defendant for commission on other merchandise sold, also, for $39.75 for goods returned under the contract and the further sum of $49.50 admitted as the commission on the $495 coat alleged as not returned. This left an alleged balance of $436.63 for which plaintiff prayed judgment.

There is an allegation in plaintiff's petition that commissions due defendant for sale of other merchandise had been paid by $50 for work done at defendant's request, this, being explanatory of the reduction of credit due to $8.62. This $50 item is taken from consideration by defendant's admission.

It stands admitted that defendant was to receive a commission of 10% on all goods sold and remitted for by defendant.

The defendant's answer, after admissions of incorporation and as to the $50 item above referred to, consists of a general denial and, further, defendant presents by way of counterclaim the $8.62 commission and asks judgment for the same.

Trial was by jury resulting in a verdict against plaintiff on his demand and for defendant for the $8.62 on the counterclaim. Judgment was entered accordingly and plaintiff has appealed. For uniformity we will continue to refer to appellant as plaintiff and to respondent as defendant.

OPINION.

The plaintiff makes several assignments of error. However, to a rightful determination of the issue, there are matters of law which must be determined.

The conditions under which the merchandise in question was delivered by the plaintiff to the defendant are in writing and were issued in duplicate. This instrument, introduced in evidence, is in words and figures as follows:

(Duplicate)

Louis Greenfield<br>Manufacturing Furrier

812 Washington Ave.

No. 3221                  St. Louis, Mo., Nov. 18, 1933

Consigned to Purple Shoppe, Inc.,
     Jefferson City, Mo.

This merchandise is consigned on memorandum only. It is received by the consignee upon the agreement that title to the same and to the proceeds thereof, to the extent of the invoiced prices, shall be and remain in the consignor until payment has been made. Consignee shall be responsible for any loss from fire, burglary or negligence.

| | | | |
|---|---|---|---:|
| 3001 | (Ret) | Brown Lapin Jacket ascot tie | $ 39.50 |
| 1951 | (Ret) | ,, ,, ,, roll collar | 39.50 |
| 1967 | (sold) | Northern Seal Jacket | 39.50 |
| 2067 | (Ret) | ,, ,, Swagger | 97.50 |
| 1035 | (Ret) | Jap Weasel Coat | 295.00 |
| 1018 | | Russian Ermine Coat | 495.00 |

(Inv. No. 6233, Copy)                  $1006.00

The above class of contract has been the subject of much judicial comment. Much perplexity has arisen over the question of whether a transaction under which goods are delivered from one party to another on consignment creates the relation of principal and agent, wherein the title remains in the consignor or whether the relation of buyer and seller is created whereby title is passed to the consignee.

In the contract herein involved there is an express provision pro-

viding that the title shall remain in consignor until paid for. There is thus a contingency presented wherein an act of defendant alone, to-wit, payment, vests title in defendant. Such a contract under provisions of Section 3125, Revised Statutes Missouri 1929, constitutes a conditional sale contract as to inocent purchasers for value from the consignee. However, as between consignor and consignee, the title, as per the express contract, remains vested in consignor.

We conclude from the reading of the written instrument, supra, that the transaction involved is a consignment for sale. Further, plaintiff's own evidence makes the above conclusive on plaintiff for the reason that plaintiff's agent, who placed the order, clearly testified to the effect that it was the understanding, if defendant did not sell the merchandise, same was to be returned. Further, it stands admitted that defendant was making the sale of plaintiff's merchandise on a commission basis. The testimony on the part of defendant as to the understanding that the merchandise was consigned to defendant for sale on commission and to be returned if not sold, conforms to the testimony of plaintiff. Further, defendant's counterclaim discloses the nature of the contract. There is a contention made that the transaction involved presents a situation of contract "on sale or return." Such a position is untenable in that the title remained in the plaintiff. [23 R. C. L., page 1220, paragraph 36 and notes.]

Having concluded as a matter of law that the transaction, herein involved, is "consignment for sale," it becomes necessary to inquire as to the duties and responsibilities concerning merchandise so consigned.

A consignment of goods for sale is ordinarily a bailment. [12 Corpus Juris, page 528.] The general rule of bailment is that the bailee's liability touching the care and custody is limited to the bailee's fault touching same. However, fraud and negligence eliminated, the responsibility is subject to the express terms of the contract. [Wells v. Porter, 169 Mo. 252, 69 S. W. 282.]

The contract in the case at bar provides in express terms as follows: "Consignee shall be responsible for any loss from fire, burglary or negligence."

Our conclusion as to the matter of law, as stated above, is pertinent to a consideration of an assignment of error made by plaintiff which is:

"The general denial filed by respondent to the amended petition of appellant put in issue only the facts pleaded in the petition of appellant, and the Court erred in admitting testimony offered by respondent in confession and avoidance of the allegations in appellant's petition, and which testimony was, therefore, irrelevant, immaterial, incompetent, and inconsistent with the defense alleged in respondent's answer."

The evidence, on the part of defendant alone, clearly shows that the coat in question had been left with the defendant under the consignment for sale under date of November 18, 1933. The evidence is conclusive that the coat had not been returned or paid for in January, 1934, nor on March 15, 1934. The evidence is conclusive that in January and March, 1934, the plaintiff was demanding a return or payment for the coat, and that the coat had not been returned or paid for on October 7, 1935, when this cause was transferred on a change of venue from Cole County, Missouri, to Osage County, Missouri, nor on June 11, 1936, when the cause was taken up for trial in the Osage County Circuit Court.

As to plaintiff's petition, we conclude, that the same states facts which constitute a statement of a cause of action that, if true or admitted, entitles the plaintiff to the relief prayed for unless some defense be interposed and proven which would defeat plaintiff's right of recovery.

The defendant answers by a general denial to all allegations of plaintiff's petition, save as to incorporation, work done on a fur coat and that the merchandise was being sold on a 10% commission basis, which allegations are specifically admitted. After making a general denial, as aforesaid, the defendant in its testimony admits that the coat in question was left with it under conditions which conform to a consignment for sale on commission, and, in the face of such admission, is permitted to introduce evidence and recover upon the theory that the coat was stolen from defendant. In other words, defendant pleads a general denial and is permitted to recover upon evidence which would only be admissible under a plea of confession and avoidance, for the reason that such defense is not a stated fact, which is included in the allegations in plaintiff's petition and necessary to the support of the plaintiff's case under his pleading.

It has long been the rule in this State, as said in Northrup v. Miss. Valley Ins. Co., 47 Mo. 435: "The defendant, by merely answering the allegations in plaintiff's petition, can try only such questions of fact as are necessary to sustain the plaintiff's case." The above rule is re-stated and approved in Armbuster v. Armbuster, 326 Mo. 31, l. c. 68, 31 S. W. (2d) 28, l. c. 35.

We conclude that the plaintiff's claim of error, set out above, is well founded.

As to whether or not a theft of merchandise held under a consignment of merchandise for sale, as is evidenced by the testimony herein including the instrument, supra, under date of Nov. 18, 1933, is or is not a proper defense to plaintiff's action herein, is not before us for decision. However, we do hold it reversible error to permit a recovery for defendant on such grounds under the pleadings shown by the record in this case.

Plaintiff makes other assignments of error. The questions raised, however, are not necessarily germane to a re-trial of the case and we refrain from discussing same.

Judgment reversed and cause remanded. All concur.