J. Theresa BROOKS, a/k/a J. Theresa Kunz, Plaintiff-Respondent,

v.

Douglas O. KUNZ, Defendant-Appellant.

No. 40547.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 26, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 18, 1980.

Application to Transfer Denied
May 13, 1980.

Arthur L. Smith, J. Reed Johnston, Jr., Peper, Martin, Jensen, Michel & Hetlage, St. Louis, for defendant-appellant.

John W. Reid, II, Schnapp, Graham & Reid, Fredericktown, for plaintiff-respondent.

SNYDER, Presiding Judge.

This appeal arises from an action incapable of description in any ordinary way. It stems from one of the live-together-without-the-benefit-of-clergy arrangements which are so common today, and the attempt by the woman, after separation, to obtain a share of, in this case, jointly held assets. Such suits have been aptly described as claims for palimony, the best known of which is the *Marvin* case in California.[1]

Plaintiff-respondent J. Theresa Brooks sued her erstwhile friend, defendant-appellant Douglas O. Kunz to quiet title to a 101 acre farm in St. Francois County; to partition the farm and the value of the contract for deed (the Spence contract) for land situated in Ravalli County, Montana, both titled in the names of Douglas O. Kunz and J. Theresa Kunz as husband and wife; and for child support. The person named as J. Theresa Kunz in the deed and the contract was, of course, J. Theresa Brooks.

The trial court quieted title to the farm property in the parties, finding each was entitled to an undivided one-half interest as tenants in common, and ordered sale of the farm and division of the proceeds of the sale. The court found each party to have an undivided one-half interest in the Spence

---

1. *Marvin v. Marvin*, 18 Cal.3d 660, 134 Cal. Rptr. 815, 557 P.2d 106 (banc 1976). This case is not completely analogous to *Marvin* because here only the division of jointly held property is at issue. There is no implied contract question to be decided.

contract and ordered appellant to pay respondent $6,170.59 or one-half the balance due on the contract as of August 1, 1977. The court further awarded child support to be paid by appellant to respondent in the amount of $40 per week, $20 per week for each of the two children born of the relationship. Attorneys fees were awarded respondent's attorney in the amount of $3,530. The fees were based upon a sliding scale of percentages of the sale price of the farm. Finally, the trial court ordered $2,500 to be withheld from appellant's share of the proceeds of the sale of the farm and posted as a cash bond to assure payment of the child support by appellant. Appellant accepted his share of the proceeds of the sale as determined by the trial court.

Appellant contends the trial court erred in: (1) quieting title to and ordering partition of the farm without sufficient evidence of respondent's contribution, if any, to the acquisition or improvement of the property; (2) ordering the sale of the farm without sufficient evidence to show that partition in kind would result in prejudice to the parties' respective interests; (3) decreeing that respondent held a one-half interest in the sales contract for the couple's Montana property without any evidence of respondent's contribution to the initial purchase of the property; (4) awarding to respondent exactly one-half the residual value of the sales contract ($6,170.59) on the Montana property as that amount was not yet due nor presently payable and therefore the amount awarded was not representative of the contract's true worth; (5) requiring of appellant a $2,500 cash bond as security for payment of child support; and finally, (6) allowing respondent attorneys fees when respondent was not entitled to partition, and, if respondent were in fact entitled to partition, allowing attorneys fees based upon a percentage of the sale price and for time spent on matters not part of an uncontested partition action.

The judgment is affirmed in part, reversed in part and reversed and remanded in part.

The bizarre chain of events which led to this litigation began in March 1970 when appellant and respondent began living together and holding themselves out as man and wife. In fact, they never married. At the time they met, appellant was a widower with ten children. Respondent was married but separated from her husband and had two children of her own. She remained married to Mr. Brooks until the trial of this action. During the period of the parties' cohabitation, respondent bore two more children, both fathered by appellant.

For a time, the couple resided in Montana where, holding themselves out as man and wife, they adopted yet another child and where they had occasion to convey some real estate. The record is silent as to how the pair first acquired the property and what contribution each made toward its acquisition. This conveyance, the Spence contract, a contract for deed on land located in Ravalli County, Montana, was an escrow transaction whereby appellant and respondent, as husband and wife, were to place a deed in escrow and the buyers were to pay most of the $20,000 purchase price in monthly installments over a period of time. The escrow agent was a bank in Montana. Under this arrangement, title to the property would not be conveyed until after the final payment was received. The unpaid balance on the Spence contract was $12,341.18 as of August 1, 1977.

There was another contract for deed known as the King contract, also on land in Montana, in which the trial court ruled respondent had no interest. This ruling was not challenged by either party.

Upon leaving Montana, the couple lived in Utah for three months, then in December of 1971 moved to Missouri and purchased some 101 acres of farm property in St. Francois County. The property was conveyed to "Douglas O. Kunz and J. Theresa Kunz, his wife" by general warranty deed. At the time they took possession an old frame house and shed were the only improvements on the land. In 1972 a new three bedroom house and a new work shed were constructed. Later, yet another new three bedroom house was completed.

Again, the record is silent as to just what contribution, if any, the respective parties made toward the purchase or improvement of this property. The parties lived together on the farm until January of 1973.

Also in 1972, another house was purchased in Fredericktown, payment for which was secured by a note and deed of trust signed by appellant and respondent, as husband and wife, and H. Doretta Owen, single and unmarried. Title thereto was taken by appellant and H. Doretta Owen as joint tenants and not as tenants in common.[2] Respondent makes no claim against the Fredericktown property.

A disagreement over treatment of the children created a rift between the parties and they separated for the period between January and March, 1973. Respondent left for Colorado during this time and took her four natural children along (two of which were also appellant's natural children). They returned in March and appellant made support arrangements for them by providing rent-free accommodations at the Fredericktown house and paying her $100 a month.

Although they had ceased living together, their relations continued until July 1977 when it became obvious a suit was in the offing. Appellant stopped making the $100 monthly payments after August 1977 and no payments have been made since. Suit was filed on August 23, 1977.

■ The trial court's judgment must be affirmed unless it is against the weight of the evidence, not supported by substantial evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Rule 73.01.

2. By way of explanation: H. Doretta Owen was an apparent friend of appellant who took possession of this house and lived there until March 1973. She moved to the farm property when respondent returned from Colorado and respondent, in turn, began living in the Fredericktown residence.

3. Appellant's counsel's motion to withdraw made shortly before trial was granted by the trial court. No explanation for the withdrawal was given and none is apparent from the record. At trial, appellant represented himself. Present counsel for appellant entered their ap-

In appellant's first point relied on he alleges trial court error in decreeing that the parties each had an undivided one-half interest in the farm and the Spence contract. Appellant also contends the trial court erred in decreeing partition because respondent failed to prove she had an interest in the assets.

■ The warranty deed to the farm naming as grantees "Douglas O. Kunz and J. Theresa Kunz, his wife" was received in evidence without objection.[3] The parties agree that when real property is deeded to a couple as man and wife and the couple in fact are only unmarried cohabitants, the individuals hold the land as tenants in common.[4] Douglas O. Kunz and J. Theresa Kunz, his wife, were named also as sellers and payees of the purchase price of the Spence contract which was also received in evidence. In addition, there was some evidence of respondent's contribution to the couple's arrangement by reason of domestic services. Therefore, respondent had an interest which would entitle her to partition the farm and the contract. The fractional value of respondent's interest, however, is open to question. There was no evidence to establish the exact value of her share.

Respondent argues that she is entitled to an undivided one-half interest. Appellant claims respondent has not proved she made any contribution to the cost of acquiring the assets.

The Missouri Supreme Court spoke to this problem under a similar set of facts in *Anderson v. Stacker*, 317 S.W.2d 417, 421[3–5] (Mo.1958):

pearance and filed a motion for vacation of judgment and other relief on May 22, 1978 three weeks after the trial court entered its order approving the sale. The trial court ordered the sale on February 17, 1978.

4. Generally speaking, the right of a tenant in common to partition is absolute and is an incident of ownership in common. *Dryden v. Dryden*, 265 F.2d 870 (8th Cir. 1959); *State ex rel. State Park Board v. Tate*, 295 S.W.2d 167 (Mo. banc 1956).

" 'A conveyance to grantees as husband and wife, although the parties were knowingly living in meretricious relations, will, nothing being shown to warrant a different conclusion, ordinarily be construed to create a tenancy in common, and the property so conveyed will be apportioned, in the partition or similar proceedings, on that basis, the apportionment not always being in equal shares but according to the proportionate contribution of each of the grantees toward the acquisition of the property.' Annotation, 31 A.L.R.2d loc. cit. 1311."

*Anderson v. Stacker* was followed recently in *Keller v. Porchey*, 560 S.W.2d 257 (Mo. App.1977).

■ There is authority for holding that where two or more persons take as tenants in common under an instrument which is silent in regard to their respective shares, there is a presumption, albeit rebuttable, that their shares are equal, 20 Am.Jur.2d, Cotenancy and Joint Ownership § 118, p. 216. Although supported by logic and fairness this presumption has not been recognized in Missouri cases, which require evidence of the proportionate contribution of each of the grantees toward the acquisition of the property. *Anderson v. Stacker; Keller v. Porchey, supra.*

Neither side offered evidence of the source of the purchase price. There was some proof of respondent's contribution by way of caring for appellant's house and children for a limited time. In *Anderson* the court implied that these services would give the court an opportunity to judge whether she had contributed to their joint enterprise. The *Anderson* case did not turn on this point and the court found that no such services had been performed. In the case under review there was evidence, though slight, of domestic services. However, there was no testimony as to the value of those services nor the specific manner in which they might have contributed to the cost of the farm or the real property sold on contract in Montana.

The trial court did not, in fact, order partition of the Spence contract on the Montana real property. The court ordered instead that appellant purchase respondent's share and ordered the purchase price paid out of the proceeds of the sale of the farm. The purchase price of a one-half interest in the Spence contract was established by the court at $6,170.59 or one-half the unpaid balance on the contract as of August 1, 1977, the month the suit was filed.

There is no authority under the rules or statutes for a trial court to "partition" in this manner. Rule 96.60. The court neither partitioned the property in kind nor ordered its sale but forced one of the co-owners to purchase the share of the other co-owner and at a price substantially higher than one-half the present value of the contract. The rate of interest on the contract was six percent, far below the present interest rate. There is always risk of default. It requires no authority to support the proposition that the present value of a right to collect a debt due in the future does not equal the face amount of the debt.

■ Therefore, the trial court's judgment dividing the proceeds of the sale of the farm property is reversed and remanded for a new trial at which evidence of the respective contributions of the parties to the acquisition of the farm property should be adduced. The trial court's judgment on the Spence contract is also reversed and remanded. At retrial evidence should be taken as to the respective contributions of the parties to its value and, if the facts justify partition, the contract partitioned in accordance with the statutes and rules.

■ Appellant next complains that even if respondent was entitled to partition, the trial court erred in ordering the sale of the farm property because there was no evidence upon which the court could base a conclusion that partition in kind would result in great prejudice to the owners. Rule 96.53. The question of whether partition in kind would operate to the great prejudice of the owners is a question of fact for the trial judge and must be supported by substantial evidence. *Gebauer v. Gebauer*, 165 S.W.2d 333, 335[1–3] (Mo.App.1942).

This court agrees with appellant that there was no substantial evidence to support the decision to order the sale rather than to partition in kind. Even so, the sale cannot be set aside because the rights of third parties have intervened and are protected under the provisions of § 528.400.1, RSMo 1969 which reads as follows:

"The sheriff shall take the notes and bonds for the purchase money, collect and pay over the same according to the order of the court, and make the deed to the purchaser, which shall be acknowledged or proved and recorded in the same manner as conveyances made by the sheriff of lands sold under execution, and shall be a bar against all persons interested in such premises who shall have been parties to the proceedings, and against all persons claiming from such parties, or either of them."

See also Rule 96.40.

No Missouri cases have been cited and the court has found none that has construed the statute when there was no substantial evidence to support an order of sale instead of partition in kind and the rights of good faith third party purchasers have intervened. The Kentucky Court of Appeals ruled under a similar set of facts that the purchaser of real estate pursuant to an unsuperseded judgment of a court of competent jurisdiction acquired good title to the real estate, although the judgment, after the sale and its confirmation, was appealed from and reversed, because the purchaser was not a pendente lite purchaser but a purchaser in good faith. *Rose v. Cox*, 297 Ky. 458, 179 S.W.2d 871 (1944). There was no question as to the good faith status of the purchasers in the case under review.

A similar situation with respect to the acceptance of funds in a judicial proceeding occurs in condemnation cases where a landowner withdraws the award, based on the commissioners' report, from the trial court. After the withdrawal the landowner is precluded and estopped from contesting the right to condemn or asserting on appeal any irregularities in any proceeding prior to the withdrawal. He is restricted to contesting the amount of his damages. *State ex rel. State Highway Commission v. Howald*, 315 S.W.2d 786, 789[2, 3] (Mo.1958); *Jackson County v. Hesterberg*, 519 S.W.2d 537, 545[7–8] (Mo.App.1975).

Appellant in the case under review was a party to the proceedings, actually participated in the sale and accepted the share of the proceeds awarded him under the court approved order of sale. The rights of good faith purchasers, who were the grantees of a sheriff's deed executed and delivered under court order, have intervened. It follows that the sale itself may not be set aside. § 528.400.1, RSMo 1969; Rule 96.40. Only the division of the proceeds may be modified after a new trial.

Appellant next challenges the propriety of the trial court's order that a cash bond of $2,500 be withheld from his portion of the sale proceeds as security for payment of child support. Appellant does not object to the award of child support, only the bond. Respondent argues the bond was proper under § 452.350, RSMo 1969. However, § 452.350 cannot be read so as to require a parent either to prepay his support obligation or to post a cash bond to assure future payments.

Missouri courts have held that no general equitable authority to order a bond to secure child support payments exists outside of the statutes which cover divorce laws and procedures. *Mangold v. Mangold*, 294 S.W.2d 368, 369[2] (Mo.App.1956).

Although courts may require an out-of-state parent exercising visitation privileges to post a cash bond as security against removal of the child from the jurisdiction, *Mitchell v. Mitchell*, 350 S.W.2d 116, 117 (Mo.App.1961), there is no comparable authority with regard to an obligation to support. Accordingly, the trial court erred in ordering the cash bond.

Finally, appellant insists that the formula by which the trial court calculated and awarded respondent's counsel attorneys fees in the amount of $3,530 was erroneous.

The trial court shall allow a reasonable fee to the attorney bringing a parti-

tion suit, Rule 96.51. The trial court has discretion because the trial judge is in the best position to determine the legal work necessary and to evaluate the work actually done. With an exception not applicable here, the attorneys fees are to be no greater in amount than fees which would result from a noncontested action even though the action may be contested. *Billinger v. Jost*, 510 S.W.2d 57, 58[1, 2] (Mo.App.1974); *Klamberg v. Klamberg*, 460 S.W.2d 740, 742–744[3–4] (Mo.App.1970). Further, an award of attorneys fees may not be based solely on a percentage of the sale price of the property involved. *Hunkler v. Wilke*, 444 S.W.2d 507, 509[1] (Mo.App.1969), applying Rule 96.51.

The trial court ordered that attorneys fees awarded to respondent's counsel for prosecuting the quiet title and partition suit should be based on a sliding scale of percentages applied to the purchase price. There was no evidence of the amount of time spent or the services rendered by respondent's attorney either for the partition suit alone or for the contested matters which were part of the litigation, such as the quiet title action, the Spence contract, the King note and the child support.

A trial court has wide discretion in awarding attorneys fees. Although it is error to base the fee award solely on a percentage of the sale price, the sale price is one factor for consideration by the court in establishing the fee. In this case, however, there was no other substantial evidence to support the award. Therefore, the judgment on this point must also be reversed and remanded.

In summary: (1) The judgment awarding child support to be paid by appellant to respondent in the sum of $20 per week per child, a total of $40 per week, is affirmed. (2) The judgment ordering appellant to post a cash bond is reversed. (3) The judgment of the trial court dividing the proceeds of the sale of the farm property in St. Francois County is reversed and remanded. (4) The judgment purporting to partition the Spence contract is reversed and remanded. (5) The judgment awarding attorneys fees

to respondent's attorney is reversed and remanded.

It is so ordered.

SMITH and PUDLOWSKI, JJ., concur.