Jessie Mae VICKERS,
Plaintiff–Respondent,

v.

Willie VICKERS, Defendant–Appellant.

No. 54272.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 30, 1988.

David H. Goldenhersh, Marc P. Wienberg, St. Louis, for defendant-appellant.

Joseph Webb, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Chief Judge.

Appeal is taken from a consolidated action to quiet title in land and to partition same. The trial court found the following facts.

Appellant, Willie Vickers and appellee,[1] Jessie Mae Robertson, a/k/a Jessie Mae Vickers, began living together in 1954. Although respondent, and the three children born to the couple, took appellant's name, appellant and respondent were never married. On December 18, 1968, the couple purchased a home at 4516 Ashland. The purchase price was $18,000.00. A $2,000.00 down payment was made from a joint account and the remainder was financed over 30 years with Manufacturers of Hanover Mortgage Co. At the time of trial, a balance existed of $9,863.20. In April of 1972, Mr. Vickers left the home and the family. Respondent continues to occupy the home. After appellant's departure, respondent did not receive any financial contributions toward the mortgage payments. Nor did she receive any contribution for the maintenance or upkeep of the home. She continued to make all mortgage payments as well as making numerous repairs and modifications at her sole expense. The current market value of the property is approximately $48,000.00.

The trial court held Mr. Vickers' financial interest in the property was $4,020.00. This figure was arrived by crediting him with half of the down payment and closing costs ($1,350.00) plus the equity in his share of the mortgage payments made be-

---

1. A designation usually preserved for federal court appellate practice. *See Union Center Redev. Corp. v. Leslie,* 733 S.W.2d 6, 7 (Mo.App. 1987). Hereafter we will refer to appellee as a respondent in the custom of this court.

tween December of 1968 and March, 1972 ($2,670.00). The trial court further ordered Mr. Vickers to convey a quitclaim held to Mrs. Vickers upon receipt of $4,020.00. Upon receipt of the deed Mrs. Vickers was to execute an agreement releasing Mr. Vickers from any liability on encumbrances or other indebtedness secured by the real estate.

Appellant asserts the trial court erred in calculating the amount of his financial interest and in ordering the conveyance between the parties.

■ Appellant's contention that the trial court erred in determining his interest is well taken. *Brooks v. Kunz*, 637 S.W.2d 135 (Mo.App.1982), addresses the partition of a tenancy in common acquired in part by execution of a mortgage. Where both co-tenants jointly execute a note for part of the purchase price, a court should "allow a credit to each co-tenant for one-half of the mortgage amount financed, but allow contribution if one co-tenant pays more than his proportionate share." *Brooks*, 637 S.W.2d at 139.

■ The trial court incorrectly determined appellant's interest by computing the equity value of his portion of the joint mortgage payments. *Brooks* allows a credit to each co-tenant for one-half of the mortgage amount financed, but allows contribution if one co-tenant pays more than his proportionate share. Here, the parties paid the down payment from a joint account and executed a mortgage together. Thus, the calculation of the parties' interests begin by crediting each with a half share. The trial court found that respondent met the mortgage payments after April 1972 without any contribution from the appellant. Thus, in the next step of the calculation, the appellant must account for his half of the payments from December 1968 to March 1972, as well as any other expenditures for improvements which were made in good faith, of a necessary and substantial nature, that materially enhanced the value of the property, and which circumstances demonstrate equitable. *Hartog v. Siegler*, 615 S.W.2d 632, 636 (Mo.App.1981). The court, in equity,

may then allow as a set off against these improvements, necessary improvements, taxes and other charges paid by the respondent. Also, the court should consider the fair rental value of the property for the time respondent was in exclusive possession. *Beckham v. Eggleston*, 341 S.W.2d 337 (Mo.App.1960).

Because there are no factual findings on the amounts respondent paid on the mortgage after April of 1972, taxes, costs of improvements and any other charges, we remand to the trial court.

■ Appellant also asserts the trial court erred in ordering appellant to sell his interest in the property to the respondent. Supreme Court Rule 96 and Chapter 528 RSMo authorize two methods of partition. A court may partition in kind or may order a sale if it finds partition in kind cannot be made without great prejudice to the owners. Supreme Court Rule 96.11. The trial court did not order partition in kind. Neither did the court order a sale in keeping with the procedures of Supreme Court Rule 96 or Chapter 528 RSMo. Instead the court required the appellant to sell his share to the respondent. In *Brooks v. Kunz*, 597 S.W.2d 183 (Mo.App.1980), a suit to partition a farm and contract for deed, the trial court ordered the appellant to purchase the respondent's share of the contract. In reversing, we stated, "There is no authority under the rules or statutes for a trial court to 'partition' in this manner. Rule 96.60. The court neither partitioned the property in kind nor ordered its sale but forced one of the co-owners to purchase the share of the other co-owner...." *Brooks*, 597 S.W.2d at 187.

The case at bar differs from *Brooks* in that the appellant is not being forced to purchase respondent's interest but to sell his interest to the respondent. Although the order in the instant case case may seem less harsh than the order in *Brooks*, we reach the same result as in *Brooks*. In *Brooks*, we noted the trial court did not have the statutory authority to issue such an order. Chapter 528 RSMo and Supreme Court Rule 96 allows a court to either partition the property in kind or to sell the

land according to the procedures set forth therein. Neither method was followed and therefore, the order is improper.

The cause is reversed and remanded for further action in accordance with this opinion.

CRANDALL, J., and SIMEONE, Senior Judge, concur.