**Philip B. BUCHANAN,**
**Plaintiff–Appellant,**

v.

**Suzanne C. MITCHELL,**
**Defendant–Respondent.**

**No. 56313.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 6, 1990.

W. Bevis Schock, St. Louis, for plaintiff-appellant.

Charles M. Shaw, Clayton, for defendant-respondent.

GRIMM, Judge.

Plaintiff Philip B. Buchanan's petition sought partition of a house and a 1983 Cadillac automobile. Those items were purchased while Philip[1] and defendant Suzanne C. Mitchell were living together, but were not married.

On appeal, Philip's brief contains four points relied on. First, the "trial court erred by accepting evidence on personal property which was beyond the scope of the pleadings." We agree. The pleadings sought partition of the house and Cadillac; no other property was described in the pleadings. Second, the court failed to either order partition in kind or find that partition in kind could not be made. We agree; the court did not order partition in kind or a sale in the manner required by Rule 96 or chapter 528[2]. As we reverse and remand for further proceedings, we need not address his third and fourth points.

In 1981, Philip met Suzanne, and they began dating. Though unmarried, that fall they began living together, residing at her parents' house. In late 1981 or early 1982, they opened a joint checking account.

Philip and Suzanne lived at her parents' house until they bought a house of their own in December, 1985. The parties strongly disagree on who provided the funds for the down payment and closing costs. A note for the balance, however, was signed by both parties.

In August of 1986, the Cadillac was purchased. Philip wrote a check on his personal account for the down payment. Both parties signed a note for the balance.

They lived in the house together until the spring of 1988. At that point, their relationship ended. This action followed.

Philip's petition alleged, and Suzanne's answer admitted, that they owned the house as "joint tenants," and the automobile was owned "jointly."

Following a bench trial, the court's order apportioned 53% ownership of the house to

Suzanne and 47% to Philip. Each party was given 45 days to buy out the other. If neither party purchased the other's interest, the court's order directed Philip to "sell the property in accordance with Rule 96 and divide the proceeds from the equity in accordance with the percentages set out herein."

The 1983 Cadillac was "awarded to Defendant Suzanne." In addition, the trial court awarded other personal property, not mentioned in the pleadings, to either Philip or Suzanne.

## I

Philip first alleges that the "trial court erred by accepting evidence on personal property which was beyond the scope of the pleadings." He points out that the pleadings described only the house and Cadillac. The court, however, received evidence of other property. In addition, after receiving that evidence, the court "awarded" eight specifically named items to Philip and six specifically named items to Suzanne. Further, the court ordered all other personal property was to "remain with the party presently in possession."

The court erred in receiving evidence of personal property not described in the pleadings. "Courts only have power to decide such questions as are presented by the parties in their pleadings." *Carl v. Carl*, 284 S.W.2d 41, 44 (Mo.App.W.D. 1955).

Here, Philip's petition raised only the issue of partitioning the house and Cadillac. Suzanne's answer did not seek any affirmative relief or partition of any other property. Rather, her prayer was that Philip's petition be dismissed. " 'The defendant, by merely answering the allegation in the plaintiff's petition, can try only such questions of fact as are necessary to sustain the plaintiff's case.' " *Greenfield v. Purple Shoppe, Inc.*, 231 Mo.App. 464, 100 S.W.2d 345, 347 (1937) (quoting *Northrup v. Mississippi Valley Ins. Co.*, 47 Mo. 435, 4 Am.Rep. 337 (1871)).

---

1. We refer to the parties by first name for ease of reading. No disrespect is intended.

2. All statutory references are to RSMo 1986.

Pleadings may be amended to conform to the evidence presented at trial. See *Justus v. Webb*, 634 S.W.2d 567, 569 (Mo.App.S.D.1982). However, "[i]t is only where an issue not raised by the pleadings is tried by express or implied consent of the parties that such issue is to be treated as though it had been raised in the pleadings." *Brush v. Miller*, 208 S.W.2d 816, 820 (Mo. App.E.D.1948); *see also* Rule 55.33(b).

Here, Philip did not consent to an amendment of the pleadings. His counsel filed a motion in limine "to exclude all evidence regarding everything except the house ... [,] the Cadillac," and the source of funds to purchase those two items. In support of that position, his motion said "that nothing else is within the scope of the pleadings." The court overruled his motion.

Philip's counsel also objected to Suzanne's counsel's questions seeking to elicit testimony about personal property other than the Cadillac. A typical objection was that the matter "was not within the scope of the pleadings and is not relevant to the case." Each objection was improperly overruled. See *Chmieleski v. City Prod. Corp.*, 660 S.W.2d 275, 297 (Mo.App.W.D. 1983). Thus, Philip did not consent to amending the pleadings.

The record does not reveal any request by Suzanne's counsel to amend her pleadings, as permitted by Rule 55.33(b). The trial court erred in admitting evidence beyond the scope of the pleadings and Philip's first point is granted.

## II

For his second point, Philip contends that the court erred in failing to order either partition in kind or find that partition in kind could not be made. As a result, the order was improper. We agree.

*Vickers v. Vickers*, 762 S.W.2d 482 (Mo. App.E.D.1988), concerned a similar situation where a man and woman who lived together without being married purchased a house. An action to quiet title to the house and partition was brought. In reversing and remanding, we said:

> Chapter 528 RSMo and Supreme Court Rule 96 [allow] a court to either partition

the property in kind or to sell the land according to the procedures set forth therein. Neither method was followed and therefore, the order is improper. *Id.* at 483–484.

So it is here. As to the house, the court gave each party 45 days to buy out the other. In the event of their failure to do so, the court ordered Philip to "sell the property in accordance with Rule 96 and divide the proceeds from the equity in accordance with the percentages set out herein." That order does not comply with Chapter 528 or Rule 96 procedures. *See, e.g.* Rule 96.19.

As to the Cadillac, the court "awarded" it to Suzanne. Such an order is also improper. *Vickers*, 762 S.W.2d at 483–484.

## III

We need not address Philip's third and fourth points. They relate to alleged failure to receive supplemental exhibits and failure to correctly determine the parties' interests in the property. Upon remand, the parties will have the opportunity to present "evidence of the respective contributions of the parties to the acquisition" of the house and Cadillac. See *Brooks v. Kunz*, 597 S.W.2d 183, 187 (Mo.App.E.D. 1980).

One further comment. Since the parties were not married, a dissolution or "quasi-dissolution" proceeding is neither appropriate or available. *See* § 452.310.

Rather, to divide assets jointly owned by the parties, the correct action is partition. The pleadings must comply with Rules 96.-05 and 96.32. All property sought to be partitioned must be described in the pleadings.

The judgment of the trial court is reversed. We remand for further proceedings in accordance with this opinion.

SATZ, P.J., and SMITH, J., concur.