**Robert BRUCE and Mary Katherine Darrington, Respondents,**

v.

**James GEORGE and Melissa Claire Stulz, Appellants.**

**Citizens Bank And Trust Co., Respondents.**

**No. WD 55561.**

Missouri Court of Appeals, Western District.

Dec. 29, 1998.

Linda S. Tarpley, Kansas City, for appellant.

Kranitz & Kranitz, P.C., St. Joseph, Dana J. Macoubrie, Chillicothe, for respondent.

Before ROBERT G. ULRICH, P.J., JAMES M. SMART, J. and LAURA DENVIR STITH, J.

ULRICH, Presiding Judge.

James and Melissa Stulz appeal the final judgment in partition of the trial court approving the sale of real estate owned by them and Robert and Mary Darrington as tenants in common and distributing the sale proceeds. They claim that the court lacked authority to enter the judgment because the property was sold at a private sale under a real estate contract rather than at a public auction as required under Rule 96 and Chapter 528, RSMo 1994. The judgment of the trial court is reversed, and the case is remanded for further proceedings.

On March 21, 1996, the Darringtons filed their petition for partition of land against the Stulzes and Citizen's Bank and Trust. The petition alleged that the Darringtons and the Stulzes each owned an undivided one-half interest in the property as tenants in common with the Stulzes' interest subject to a lien of Citizen's Bank and Trust. The petition requested a fair partition of the land or that the land be sold and the proceeds divided among the parties.

The trial court entered a judgment in partition on September 9, 1997. The court found that the Darringtons and the Stulzes each owned an undivided one-half interest in the property with the Stulzes' interest subject to lien secured by a deed of trust and recorded by Citizen's Bank and Trust. The court further found that the real estate was not subject to partition in kind and ordered it sold by the sheriff of Worth County on October 24, 1997, and the proceeds, after payment of costs and fees, distributed to the parties according to their respective interests.

On October 3, 1997, the Darringtons filed a motion to set aside the sale claiming that since the entry of the trial court's judgment in partition, the Darringtons had received an offer from a third party to purchase the property for $310,000. Attached to the motion was a contract for the sale of farm land dated September 27, 1997, identifying the Darringtons and Citizen's Bank and Trust as the sellers, Dee Lynch as the buyer, and Mr. Darrington as the real estate agent. A hearing was held on the Darringtons' motion on October 20, 1997. On October 24, 1997, the trial court entered an order cancelling the public sale of the property, approving the real estate contract between the Darringtons and Mr. Lynch, and accepting and depositing in the court registry an earnest money check from Mr. Lynch in the amount of $25,000. On January 9, 1998, a check signed by Mr. Lynch and made payable to Hall Realty[1] in the amount of $285,000 was filed with the court.

On February 6, 1998, the trial court entered its final judgment ordering the property "voluntarily" sold to Mr. Lynch for the sum of $310,000 and conveyed by sheriff's deed noting that consent to the sale "had been affirmatively manifested by each party in open court." It further ordered the clerk of the court to distribute the proceeds of the sale after payment of an 8% sales commission to Hall Realty, attorneys fees, sheriff's fees, and court costs and taxes. This appeal by the Stulzes followed.

On appeal, the Stulzes claim that the trial court erred in entering its final judgment. They contend that the court lacked authority to approve the private sale, distribute the proceeds of the sale, and award a sales commission, attorneys fees, and sheriff's fees because the property was sold at a private sale under a real estate contract rather than at a public auction as required under Rule 96 and Chapter 528, RSMo 1994.

The Darringtons initially question the Stulzes' standing to appeal this matter. They claim that the Stulzes no longer have any interest in the issue because they filed for bankruptcy in April 1997 and their debts were discharged. The Darringtons contend,

---

**1.** Hall Realty is the company that employed Mr. Darrington as a real estate agent.

"In no way can Stulz have any pecuniary interest in the cause of action, simply because his maximum share of the proceeds of sale applied to the lien debts would not suffice to satisfy to them and provide any overage to Stulz."

 "Standing requires that a party seeking relief have a legally cognizable interest in the subject matter and that he has a threatened or actual injury." *State ex rel. Ryan v. Carnahan,* 960 S.W.2d 549, 550 (Mo. App. E.D.1998) (citation omitted). In this case, the Stulzes had a legally cognizable interest in the subject matter. · It appears from the limited record on appeal regarding the Stulzes' bankruptcy case that the bankruptcy trustee abandoned his interest in the property in question and that the bankruptcy court ordered the stay instituted upon the filing of the bankruptcy petition modified to allow the Darringtons to pursue to judgment their partition action. Once property has been abandoned by the trustee, the trustee no longer has any interest in or control over that property, *Mason v. Commissioner of Internal Revenue,* 646 F.2d 1309, 1310 (9 th Cir.1980)(*citing Brown v. O'Keefe,* 300 U.S. 598, 602, 57 S.Ct. 543, 81 L.Ed. 827 (1937)), and the property generally reverts back to the debtor. *In re Bentley,* 916 F.2d 431, 432 (8 th Cir.1990). The abandonment is irrevocable, even if the trustee is "surprised" that the property sold for more than expected. *In re Wornell,* 70 B.R. 153, 154 (W.D.Mo.1986)(Stevens, D.J.). Because the property was abandoned by the trustee, it reverted back to the Stulzes. They had an interest in how it was partitioned or sold because they would be entitled to any amount of the sales proceeds above the debt secured by the property. The Stulzes, therefore, had standing to appeal this partition sale.

 Supreme Court Rule 96 and Chapter 528, RSMo 1994, authorize two methods of partition. *Vickers v. Vickers,* 762 S.W.2d 482, 483 (Mo.App. E.D.1988). A court may partition in kind or may order a sale and division of the proceeds if it finds partition in kind cannot be made without great prejudice to the owners. Rules 96.01 and 96.11. Because partition is strictly statutory, .a partition sale may be effected only in accordance with the procedures set forth in Rule 96 and

Chapter 528, RSMo 1994. *Parks v. Rapp,* 907 S.W.2d 286, 290 (Mo.App. W.D.1995); *Vickers,* 762 S.W.2d at 483–484. Section 528.590, RSMo 1994, requires that all real estate subject to partition sale be sold by a court-appointed commissioner or by a sheriff at public auction. § 528.590, RSMo 1994; *Cook v. Cook,* 759 S.W.2d 891, 893 (Mo.App. E.D.1988). In this case, the land was not sold at public auction by the sheriff but at a private sale under a real estate contract. The trial court's judgment ordering the private sale and distributing the proceeds was, therefore, improper. *See Vickers,* 762 S.W.2d at 484; *Cook,* 759 S.W.2d at 893.

Citizen's Bank and Trust contends that because the Stulzes agreed to the private sale, "the action was taken outside the arena of a Partition action." In this case, however, the trial court, after the private sale, ordered the land conveyed by a sheriff's deed and distributed the proceeds of the sale pursuant to partition rules. The court effectively combined the partition rules, which require sale by public auction, with the private sale. This was improper. The final judgment of the trial court is, therefore, reversed, and the case is remanded for further proceedings consistent with this opinion.

All concur.